***Exhibit 2***

BOULTON v. BULL. *June 2d*, 1796.

[See *Kay* v. *Marshall*, 1836, 1 My. & Cr. 388.]

Injunction; that the validity of a patent might be tried at law: verdict for the patentee, subject to the opinion of the Court upon a case: the Court equally divided: the patentee must bring another action: but the Court on the possession would not impose any terms upon him, nor dissolve the injunction in the mean time.

*Boulton* and *Watts* had obtained a patent for a fire-engine; under which they had been in possession twenty-seven years. (*Note*: The patent, which was originally granted in 1769 for 14 years, was by *Stat.* 15 *Geo.* III. renewed for 25 years.) The bill was filed for an injunction to restrain Defendants from infringing the patent; and an injunction was obtained, that the question as to the validity of the patent might be tried in an action. The Plaintiffs brought an action in the Court of Common Pleas; and obtained a verdict, subject to the opinion of the Court upon a case stated. Upon argument of that case the Court was equally divided. (2 *H. Blackst.* 453. *Hornblower* v. *Bolton*, 8 *Term Rep.* 95.)

Mr. *Graham* and Mr. *Alexander* moved to dissolve the injunction.

*Attorney General* [Scott] for the Plaintiffs. It is the most ordinary jurisdiction of the Court to say, they will not alter the possession, [141] till the right is decided. In the case of waste it is the specific right of the party to have the interference of the Court. In that case the Court would not permit the timber to be cut upon giving security for the value. So here there is a specific right, which the law will protect. I admit, we are bound to bring another action.

*Lord Chancellor* [Loughborough]. I cannot put the patentees upon the acceptance of terms, that upon collateral reasons they think may be disadvantageous to the exercise of the right, of which they are in full possession: neither can I put them out of possession upon the difference of opinion of the Court. That is not the fault of the Plaintiffs. What has passed in the Court of Common Pleas does not shake their right; but strongly supports it. The verdict, though it has failed of effect, is not to be disregarded. The opinions of the Judges on both sides are deserving of great respect. If nothing can be done upon this, there must be another action. In the mean time the injunction must be continued. I will not put them to compensation. I will not disturb the possession of their specific right. It is of notoriety, that this fire-engine has been erected in many parts of the country with great advantage.

For the Defendants. It was then desired, that the action might be brought in the Court of King's Bench: to which it was answered, that they might have a special verdict in the Common Pleas; upon which there might be a writ of error.

*Lord Chancellor*. I will not lay them under any terms in bringing the action. (*Harmer* v. *Plane*, 14 *Ves.* 130. *Hill* v. *Thompson*, 3 *Mer.* 622.)

ATTORNEY GENERAL v. WHITCHURCH. *Rolls. June 6th*, 1796.

[See *Trye* v. *Corporation of Gloucester*, 1851, 14 Beav. 187; *Edwards* v. *Hall*, 1853–55, 11 Hare, 12,—6 De G. M. & G. 89; *Att.-Gen.* v. *Earl of Craven*, 1856, 21 Beav. 408; *Philpott* v. *St. George's Hospital*, 1857, 6 H. L. C. 354; *Warren* v. *Rudall*, 1858, 4 Kay & J. 615; *Hoare* v. *Hoare*, 1887, 56 L. T. 149.]

Where a charity cannot be executed as directed, but the general purpose appears distinct, and may be in substance attained by another mode, it shall be executed *cy pres*: but a personal bequest attached to a void charity, as an endowment, must fall with its principal.

*Thomas Cooksey* devised four tenements in *Jiggin Street*, in the parish of *St. Martin's, Sarum*, to the churchwardens and vestry-men of the said parish "in trust for them to "give to such poor men of this parish, as they think fit; if any of the descendants of "*John Jenneway*, formerly of this parish, apply, I desire, that they may be preferred to "have it; and as [142] I intend these four houses to be in the manner and custom of "alms-houses for men and their wives, I give and bequeath to the churchwardens and "vestry-men of this parish of *St. Martin's, Sarum*, the sum of £2000, that is to say, in "the £4 *per cent.* Government securities, in special trust for them to dispose of the