# *Exhibit 4*

VERE *v.* GLYNN.

15 March 1771.

Amending a bill after a plea is not allowing the plea. If after an injunction the plaintiff amend his bill, the amendments cannot be used in support of the injunction.

After the defendant had pleaded, the plaintiff amended his bill. Upon arguing the plea this day, it was contended, that amending the bill after a plea is allowing the plea.

By Mr. Perrin, for the defendant, it was said, that amending a bill puts the original bill out of Court, and the proceedings are on the amended bill; and if you plead to the amended bill, you must plead *de novo.*

*Lord Bathurst, C.*—This cannot be: for the original, and amended bill are but one record: the time of filing the original bill is not altered; and it is only amended, and written on: amended by virtue of an order dated on a day specified. A bill of supplement is a distinct record.

And as to what is said, that after a bill is amended the proceedings are on the amended bill, that is, on the original bill so amended; if a plaintiff obtains an injunction on his original bill, and the defendants answer, and the plaintiff amends his bill, the proceedings to get rid of the injunction are on the original bill, and the answer to it; and the amendments cannot be used in support of the injunction.

Therefore, over-rule the plea.

[442] DOOLITTLE *v.* WALTON.

10 May 1771.

Injunction to prevent transfer of stocks, not granted till after the defendant's appearance, or being in contempt, and upon notice.

On the 8th instant, a motion for an injunction was granted as of course.

When instructions were left to draw up the order, it was then, for the first time, discovered, that it was to prevent the defendants transferring stocks, and that the defendants had not appeared. Upon my refusal to issue the order, Mr. Fleming served me with a notice, and this day moved that I might be directed to draw up the order: it was moved by the Attorney General Mr. Thurlow.

*Lord Bathurst, C.*—There are four kinds of injunctions under the head of waste: working of mines, printing and publishing books, &c., cutting down timber, or ploughing up ancient meadow, and presenting to livings; but this Court will not grant an injunction to prevent the transferring of stock till after the defendants have appeared, or the defendants are in contempt for want of it, and upon notice; and therefore the Register did right in suspending the order.

WELBY *v.* THE DUKE OF RUTLAND.

3 June 1771. 6 Bro. P. C. 575, S. C. [2nd ed. 2 Bro. P. C. 39].

Bill for an issue to try a right to a manor, dismissed.

Bill to have an issue directed to try a right to the manor in question.

The cases cited were, Bush *v.* Weston, bill *quia timet*, Prec. in Ch. 530; Duke of Dorset *v.* Serjeant Girdler, Prec. in Ch. 530; Corporation of York *v.* Pilkington, 5th Dec. 1737; re-argued 13th March 1737-8.

The bill was dismissed, and the dismission, on appeal, affirmed by the House of Lords.

[443] NEWTON *v.* NEWTON.

5 June 1771. Lord Bathurst, C.

An issue directed to try whether the plaintiff, or the defendant was heir at law.