***Exhibit 8***

# THE EQUITABLE JURISDICTION OF The Court of Chancery.

VOLUME I.

COMPRISING THE

RISE, PROGRESS, AND FINAL ESTABLISHMENT

OF THE

MODERN JURISDICTION OF THE COURT OF CHANCERY.

TO WHICH IS PREFIXED,

A CONCISE SUMMARY

OF THE

LEADING PRINCIPLES OF THE COMMON LAW,

SO FAR AS REGARDS PROPERTY, REAL AND PERSONAL,

AND

A SHORT ACCOUNT

OF THE

JUDICIAL INSTITUTIONS OF ENGLAND.

BY

GEORGE SPENCE, ESQ.,

ONE OF HER MAJESTY'S COUNSEL.

LONDON:
V. AND R. STEVENS AND G. S. NORTON,
Law Booksellers and Publishers,
(*Successors to the late J. & W. T. CLARKE, of Portugal Street,*)
26, BELL YARD, LINCOLN'S INN, AND 194, FLEET STREET;
AND SOLD BY HODGES AND SMITH, DUBLIN.

MDCCCXLVI.

cluded in the very constitution of the Courts of Law (the functions of which are judicial and retributive only), nor have they ever had any machinery for dispensing them. A court of law may find a verdict, and may pronounce a judgment for a plaintiff; and it may and does award him processes of execution against the defendant, it being assumed that he will be able to make those processes available : but it cannot impound the fund ; it cannot take the administration of a trust, or of a testator's estate, into its own hands ; it cannot watch, superintend, and direct, *de die in diem*, and *de anno in annum*, the actions, the proceedings, and the contrivances of an array of numerous defendants; it cannot stay their hands, and restrain by actual interference, or the appointment of a substitute of its own, their wrongful or injurious acts. For all these purposes, as well as for compelling a discovery upon oath from the defendants of the facts which are to constitute the plaintiff's case, and many others, resort must be had, and can only be had, to the administrative courts. It requires no great penetration to perceive, that, in a great majority of cases, these administrative functions are the only really effectual ones for the purposes of justice, or for the purposes of safety, and that, exactly in proportion as the business of mankind becomes more complicated, their fraudulent inventions more fortified, and the power of eluding ordinary justice more practised, must the demand for the functions of extraordinary justice and administrative control be more extended. It is the known and experienced imbecility of the resort to the ordinary courts, and their failure in *administrative* power to secure justice to their suitors, which in modern times has brought so many of those suitors to the court of the Chancellor. The common cases of injunctions to stay waste, to restrain ruinous damage to partnership property, and, the violation of patents and of copyright, may be taken as examples. The imbecility of actions for damages at common law, with a defendant intrenched in all the contrivances of fraud to set execution for damages at defiance, is apparent. In this and all similar cases, who would not prefer the direct interference of the administrative to the often vain retribution of the judicial tribunal? In the several cases yet supposed, such only have been selected as either have, or might have, a concurrent retributive remedy (effectual or ineffectual) at law: cases upon which some verdict or judgment might pass from courts constituted like them for retributive purposes only. But a large portion of the business of the Court of Chancery is *dispensive* or *administrative* ONLY; and no verdict, judgment, rule, or order of any court of law could forward the matter, even supposing those courts to have jurisdic-