***Exhibit 9***

F
840
93
943
V.3

# CYCLOPEDIA

OF

# FEDERAL PROCEDURE

## SECOND EDITION

BY

PALMER D. EDMUNDS, Author of Edmunds Federal Rules, Edmunds Cyclopedia of Federal Procedure Forms, and numerous other practice works—CLARK A. NICHOLS, Author of Nichols New York Practice, Nichols Cyclopedia of Legal Forms Annotated, Co-Author of Cyclopedia of Federal Procedure (1st Edition), Nichols-Cahill New York Practice, Fletcher Cyclopedia of Corporations, etc.—JAMES M. HENDERSON, Author of Jones Commentaries on Evidence (2nd Edition), Bryant Wisconsin Pleading & Practice, etc. —EDWIN W. BURCH, Professor of Law and Co-Author of Nichols Illinois Civil Practice, etc.—OTTO F. REIS, Professor of Law—WILLIAM Q. DE FUNIAK, Professor of Law—RAY SMITH, Co-Author of Nichols Illinois Civil Practice, and THE PUBLISHER'S EDITORIAL STAFF

*IN TWELVE VOLUMES*

***VOLUME 3***

CHICAGO
CALLAGHAN AND COMPANY
1943

In any event, although want of adequate legal remedy in a federal court, as distinguished from a state court, removes any obstacle to equity jurisdiction interposed by 28 USC 384, forbidding suits in equity where there is a plain, adequate, and complete remedy at law, it is still necessary under section 41 (1), that plaintiff have a good equitable cause of action and show the need and propriety of equitable relief. If an available defense in a pending action at law renders equitable relief unnecessary, such relief will not be granted, and the fact that the action at law in which the defense may be litigated is in a state court rather than a federal court is immaterial.[56]

**§ 857. —Effect of state remedies, legislation or practice.**

It has been pointed out elsewhere that the equity jurisdiction of the federal courts has its source in and is derived from the rules, principles and usages prevailing in the High Court of Chancery of England at the time of the adoption of the Constitution, and in the Constitution and acts of Congress,[57] that it is uniform in all the states of the Union,[58] and that state legislation on the subject of procedure cannot affect the remedial powers of the federal courts of equity.[59] And the courts have universally held that federal equity jurisdiction is to be tested by those rules, principles and usages as

quacy of the legal remedy which the state courts may afford. Otherwise, the suitor in the federal courts might be entitled to a remedy in equity which the federal courts of law are competent to give, or on the other hand, be obliged to forego his right to be heard in the federal courts in order to secure an equitable remedy which state courts of law do, but the federal courts of law do not, give. . . . But want of the jurisdictional amount in controversy which deprives a federal court of its authority to act at law is not ground for invoking its equity powers.'' Thus, the equity powers may not be invoked in a suit combining controversies aggregating the jurisdictional amount, on the ground that the controversies would require separate suits at law which would not be within federal jurisdiction because of insufficient amount.

See comment in 28 Geo. L. Jour. 129, 130.

See also § 853, ante.

[56] Atlas Life Ins. Co. v. W. T. Southern, Inc., 306 U. S. 563, 83 L. Ed. 987, 59 Sup. Ct. 657.

Commenting on this case it was said in 28 Geo. L. Jour. 129, 130: ''The facts of the instant case saved it from a categorical application of the doctrine of the Di Giovanni case. Here, notwithstanding the cause of action had arisen some time before, the beneficiary waited until the day before the expiration of the contestable period before bringing action in the state court. Under these circumstances there is strong authority for equitable interference by the federal courts.''

[57] See ante, § 808.

[58] See ante, this chapter, § 809.

[59] See ante, § 809.

they were administered by the federal courts in 1789, unaffected by state statutes [60] or practice,[61] regardless of the antiquity of the remedy at law in the state courts.[62] In other words, a case which would have been cognizable by a federal court of equity for inadequacy of legal remedy then, is still cognizable in such a court for the same reason, regardless of state legislation or practice creating or enlarging legal remedies.[63]

A state may, however, by a change in its substantive law which creates a new right which is enforceable only by an action at law which is equally available in the federal as in the state courts and which was a legal remedy known to the common law in 1789, bar the federal courts of equity of jurisdiction in the premises.[64] This

60 Smyth v. Ames, 169 U. S. 466, 42 L. Ed. 819, 18 Sup. Ct. 418; Mississippi Mills v. Cohn, 150 U. S. 202, 37 L. Ed. 1052, 14 Sup. Ct. 75; McConihay v. Wright, 121 U. S. 201, 30 L. Ed. 932, 7 Sup. Ct. 940; Barber v. Barber, 21 How. (62 U. S.) 582, 16 L. Ed. 226; Robinson v. Campbell, 3 Wheat. (16 U. S.) 212, 4 L. Ed. 372; Adams v. Jones, 11 F.2d 759, certiorari denied 271 U. S. 685, 70 L. Ed. 1151, 46 Sup. Ct. 637; Gammill Lumber Co. v. Board of Sup'rs Rankin Co., 274 Fed. 630; Empire Circuit Co. v. Sullivan, 169 Fed. 1009; Jones v. Mutual Fidelity Co., 123 Fed. 506; Alger v. Anderson, 92 Fed. 696.

See also ante, § 809.

61 Niagara Fire Ins. Co. of New York v. Adams, 198 Fed. 822.

62 Borden's Condensed Milk Co. v. Baker, 177 Fed. 906.

63 Dawson v. Kentucky Distilleries & Warehouse Co., 255 U. S. 288, 65 L. Ed. 638, 41 Sup. Ct. 272; McConihay v. Wright, 121 U. S. 201, 30 L. Ed. 932, 7 Sup. Ct. 940; Chicago & N. W. Ry. Co. v. Bauman, 69 F.2d 171, certiorari denied 292 U. S. 632, 78 L. Ed. 1485, 54 Sup. Ct. 641 (mem.); Kellogg v. Schaueble, 273 Fed. 1012; Richardson v. Pennsylvania Coal Co., 203 Fed. 743; American Ass'n v. Williams, 166 Fed. 17; Union Life Ins. Co. v. Riggs, 123 Fed. 312, rev'd on other grounds 129 Fed. 207, certiorari denied 194 U. S. 637, 48 L. Ed. 1161, 24 Sup. Ct. 860; Peck v. Ayers & Lord Tie Co., 116 Fed. 273; Sowles v. First Nat. Bank of Plattsburg, 100 Fed. 552; Johnson v. Culbertson, 79 Fed. 5; John C. Winston Co. v. Vaughan, 11 F. Supp. 954.

A state statute providing for the perpetuating of testimony cannot be held to furnish the purported maker of a forged note with the means for providing for an adequate defense to such note in case an action at law should be brought thereon after his death. Schmidt v. West, 104 Fed. 272.

Right of appeal to state court from order of state commission does not preclude federal injunction. Grandin Farmers' Co-op. Elevator Co. v. Langer, 5 F. Supp. 425, aff'd 292 U. S. 605, 78 L. Ed. 1467, 54 Sup. Ct. 772.

64 An action for wrongful death, given by state statute, is exclusively at law, and cannot be maintained in equity on the ground that defendant's negligence causing death was fraudulently concealed until statute of limitations had run. Pamozzo v. Carborundum Co. No. 1859, 7 F. Supp. 317.