***Exhibit 10***

H
8840
C93
1943
v.13

# CYCLOPEDIA
## OF
# FEDERAL PROCEDURE

**SECOND EDITION**

BY

PALMER D. EDMUNDS, Author of Edmunds Federal Rules, Edmunds Cyclopedia of Federal Procedure Forms, and numerous other practice works—CLARK A. NICHOLS, Author of Nichols New York Practice, Nichols Cyclopedia of Legal Forms Annotated, Co-Author of Cyclopedia of Federal Procedure (1st Edition), Nichols-Cahill New York Practice, Fletcher Cyclopedia of Corporations, etc.—JAMES M. HENDERSON, Author of Jones Commentaries on Evidence (2nd Edition), Bryant Wisconsin Pleading & Practice, etc. —EDWIN W. BURCH, Professor of Law and Co-Author of Nichols Illinois Civil Practice, etc.—OTTO F. REIS, Professor of Law—WILLIAM Q. DE FUNIAK, Professor of Law—RAY SMITH, Co-Author of Nichols Illinois Civil Practice, and THE PUBLISHER'S EDITORIAL STAFF

***VOLUME 13***

CHICAGO
CALLAGHAN AND COMPANY
1944

a sufficient amount in controversy; or (3) is the suit one within the jurisdiction of a federal court because so expressly provided by a particular federal statute governing such a suit? In order to determine this question, reference should be made to a preceding chapter.[18]

2. Is there an adequate and complete remedy at law? [19]

3. Is there any objection such as laches, unclean hands, or the like, which will bar relief in a court of equity? [20]

4. Is the injunction one expressly authorized by a federal statute relating only to a particular subject, such as copyrights, patents, order of the Interstate Commerce Commission, or the like? [21] If so, it is necessary to consult such statute, and the complaint need not state federal jurisdiction other than by reference to the statute and in some instances at least need not show want of adequate remedy at law or irreparable injury.[22]

5. Is the injunction one restricted or forbidden, wholly or in part, by a special federal statute,[23] such as (1) an injunction staying proceedings in a state court,[24] (2) an injunction relating to a labor dispute,[25] (3) an injunction against a rate order,[26] (4) an injunction to restrain the assessment or collection of (a) a federal tax [27] or (b) a state tax? [28]

6. Is the injunction sought one requiring a three-judge court,[29] such as (1) an injunction against enforcement of an order of the Interstate Commerce Commission,[30] (2) an injunction against the enforcement of a state statute or an order of a state administrative board or commission on ground of the unconstitutionality of the statute,[31] or (3) an injunction against enforcement of a federal statute because unconstitutional? [32]

7. Is an injunction barred by general rules as to equity jurisdiction, governing injunctions in particular cases, as determined by federal decisions, other than those referred to above? [33]

## § 6537. What law governs.

The power to grant an injunction, and the practice in the federal courts in regard to injunctions, is governed by the federal statutes, the Federal Rules of Civil Procedure, other rules of federal district

18 See chap. 2, ante.
19 See § 6554, post.
20 See §§ 871, 872, 6574.
21 See §§ 6666–6673, post.
22 See § 6674, post.
23 See §§ 6675–6686, post.
24 See §§ 6675–6677, post.
25 See §§ 6678–6682, post.
26 See § 6683, post.
27 See § 6685, post.
28 See § 6686, post.
29 See §§ 6687–6700, post.
30 See § 6688, post.
31 See §§ 6689–6698, post.
32 See §§ 6699–6700, post.
33 See §§ 6558–6572, post.

courts, and by the accepted equity practice of the federal courts.[34] Where, under the English Chancery system, relief by injunction can be given, the same or similar relief may be given by a federal court,[35] provided there is no federal statute or rule of court to the contrary. The law of the state in which the acts complained of occurred governs the substantive rights of the parties to an action in a federal court for injunctive relief,[36] but not the procedure.

**§ 6538. — Governing statutes.**

The federal statutes governing injunctions are divisible into two classes. The first class comprise those statutory provisions governing injunctions in general, hereinafter noted in this chapter, some of which have been wholly or in part superseded by Rule 65 of the Federal Rules of Civil Procedure as hereinafter stated in this chapter. The second class of statutes comprise those authorizing, prohibiting, or regulating injunctions in particular actions or where a particular question is involved. This second class of injunctions is reserved for consideration in the last subdivision of this chapter.[37]

**§ 6539. — Governing rules of court.**

Rule 65 of the Federal Rules of Civil Procedure governs (1) preliminary injunctions and (2) temporary restraining orders, with certain exceptions enumerated therein.[38] In some districts, local rules of court regulate the practice to some extent, and of course these must be consulted and followed so far as not in conflict with federal statutes or the Federal Rules of Civil Procedure.

**§ 6540. — Law of state.**

To what extent the Erie Railroad case has made state law the governing law in injunction suits has been considered in a preceding chapter.[39] A remedy by injunction available in the state courts is also available, ordinarily, in a federal court sitting in the state.[40]

34 Pennsylvania v. Wheeling & B. Bridge Co., 13 How. (54 U. S.) 518, 14 L. Ed. 249; Standard Oil Co. v. Howe, 257 Fed. 481; Payne v. Kansas & A. V. R. Co., 46 Fed. 546, 551, rev'd on other grounds 49 Fed. 114; Northern Pac. R. Co. v. St. Paul, M. & M. R. Co., 4 Fed. 688, 2 McCrary 260.

35 Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 927, certiorari denied 315 U. S. 813, 86 L. Ed. 1211, 62 Sup. Ct. 798, rehearing denied 315 U. S. 831, 86 L. Ed. 1224, 62 Sup. Ct. 913.

36 Lauf v. E. G. Shinner & Co., 303 U. S. 323, 327, 82 L. Ed. 372, 58 Sup. Ct. 578.

37 See §§ 6664–6700, post.

38 See § 6600, post.

39 See § 616, ante.

40 Cummings v. Merchants' Nat. Bank, 101 U. S. 153, 25 L. Ed. 903; Seay v. Hawkins, 17 F.2d 710, 713;

Officers and agents of a corporation ordinarily need not be made parties in an action against a corporation,[16] and especially is this true as to stockholders.[17] Corporations are sometimes necessary defendants for the representation of the interests of stockholders and of the general public.[18]

Bondholders need not be made parties where they are represented by the mortgage trustees.[19] An exclusive licensee is a necessary defendant in an injunction suit to prevent infringement.[20]

## C. *Pleadings in Injunction Suits*

### § 6582. General rules.

The general rules applicable to pleadings in general, as stated in a preceding volume,[21] apply equally well to injunction suits.

### § 6583. Complaint.[22]

An action for an injunction, the same as any other action, is commenced by filing a complaint with the court,[23] and the summons and complaint must be served together.[24] The same as in all other actions[25] the complaint must contain (1) a short and plain state-

16 Wm. A. Rogers, Ltd. v. H. O. Rogers Silver Co., 237 Fed. 887. But see Saxlehner v. Eisner, 147 Fed. 189, certiorari denied 203 U. S. 591, 51 L. Ed. 331, 27 Sup. Ct. 778.

17 Hall's Safe Co. v. Herring-Hall-Marvin Safe Co., 146 Fed. 37, decree modified 208 U. S. 554, 52 L. Ed. 616, 28 Sup. Ct. 350. Compare Wm. G. Rogers Co. v. International Silver Co., 118 Fed. 133.

In an action to restrain corporation from operating boat, individual owning entire stock in company, but who does not personally own and control boat, is not necessary party. City of New York v. New Jersey Steamboat Transp. Co., 24 Fed. 817.

18 Minnesota v. Northern Securities Co., 184 U. S. 199, 46 L. Ed. 499, 22 Sup. Ct. 308; Iron Molders' Union, Local No. 68 v. Niles-Bement-Pond Co., 258 Fed. 408, aff'd 254 U. S. 77, 65 L. Ed. 145, 41 Sup. Ct. 39.

Corporation held not a necessary party, see Cherokee Nation v. Hitchcock, 187 U. S. 294, 47 L. Ed. 183, 23 Sup. Ct. 115; Berger v. McHugh, 26 F. Supp. 107.

19 Carpenter v. Knollwood Cemetery, 198 Fed. 297.

20 Wallach v. Wigmore, 87 Fed. 469.

21 See chap. 14, ante.

22 Ancillary complaint or cross-complaint to enjoin state court proceedings must be filed in original federal suit or action, and be followed by formal hearing and decree, where such injunctive relief is sought in main suit or action. Armour & Co. v. Miller, 91 F.2d 521.

23 Rule 3 of Federal Rules of Civil Procedure, and see chap. 14, ante.

24 Rule 4(d) of Federal Rules of Civil Procedure.

25 Rule 8(a) of Federal Rules of Civil Procedure, and see chap. 14, ante.

ment of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. So, as in other actions,[26] each averment of the complaint should be simple, concise and direct. It is necessary to allege clearly and definitely the material facts relied on, and to avoid vague and indefinite allegations,[27] and must state facts and not conclusions.[28] For instance, an averment that plaintiff will suffer irreparable injury if the injunction is not issued is a conclusion and is insufficient unless the facts are stated.[29] However, it is common practice to allege irreparable injury and absence of an adequate remedy as a conclusion of law, after setting out the facts in support of such conclusion. The complaint need not expressly allege that the injury will be irreparable where facts are alleged to show such an injury.[30] Among the facts to be alleged, in a proper case, are plain-

26 Rule 8(E)(1) of Federal Rules of Civil Procedure, and see chap. 14, ante.

27 King Mechanism & Engineering Co. v. Western Wheeled Scraper Co., 59 F.2d 546; Moore v. New York Cotton Exchange, 296 Fed. 61, 73, aff'd 270 U. S. 593, 70 L. Ed. 750, 46 Sup. Ct. 367, 45 A. L. R. 1370.

Affidavits filed in support of complaint cannot supply omission. United States v. Marine Engineers' Beneficial Ass'n No. 38, 277 Fed. 830.

28 Guaranty Trust Co. of New York v. Henwood, 86 F.2d 347, 354, 108 A. L. R. 1020; Western U. Tel. Co. v. Louisville & N. R. Co., 238 Fed. 26; Boyer v. Western U. Tel. Co., 124 Fed. 246; National Exhibition Co. v. Teleflash, Inc., 24 F. Supp. 488; Harrington v. Denny, 3 F. Supp. 584, appeal dismissed 68 F.2d 1004.

Allegation that statute as to which injunction sought is repugnant to certain provisions of Constitution would be insufficient conclusion of law, but allegations of facts showing invasion of plaintiff's rights protected by Constitution are sufficient. Borden's Farm Products Co. v. Baldwin, 293 U. S. 194, 79 L. Ed. 281, 55 Sup. Ct. 187.

Allegation that justice's court whose judgment is sought to be enjoined had no jurisdiction because subject matter of action was of value in excess of jurisdiction of court is conclusion of law. Lambert v. Central Bank of Oakland, 85 F.2d 954.

29 Spielman Motor Sales Co. v. Dodge, 295 U. S. 89, 79 L. Ed. 1322, 55 Sup. Ct. 678; E. I. Dupont De Nemours & Co. v. Boland, 85 F.2d 12; Argonaut Mining Co., Ltd. v. McPike, 78 F.2d 584; Universal Rim Co. v. General Motors Corp., 31 F.2d 969; Pullman Co. v. Tamble, 173 Fed. 200; Indian Land & Trust Co. v. Shoenfelt, 135 Fed. 484; Dartmouth Woolen Mills, Inc. v. Myers, 15 F. Supp. 751.

Allegation that plaintiff will be put "to great expense," without supporting specification, is too general to support relief on ground of irreparable damages. California v. Latimer, 305 U. S. 255, 83 L. Ed. 159, 59 Sup. Ct. 166.

30 See chap. 14, ante.