# ***Exhibit 11***

# A TREATISE

ON

# EQUITY JURISPRUDENCE,

AS ADMINISTERED IN

## THE UNITED STATES OF AMERICA;

ADAPTED FOR ALL THE STATES,

AND

## TO THE UNION OF LEGAL AND EQUITABLE REMEDIES

UNDER THE REFORMED PROCEDURE

By JOHN NORTON POMEROY, LL.D.

FOURTH EDITION

BY

JOHN NORTON POMEROY, Jr., A.M., LL.B.
Professor of Law in the University of Illinois

IN FOUR VOLUMES

YALE LAW LIBRARY

VOLUME IV

BANCROFT-WHITNEY COMPANY
SAN FRANCISCO
THE LAWYERS CO-OPERATIVE PUBLISHING COMPANY
ROCHESTER, N. Y.
1919

**§ 1352. Patent Rights and Copyrights.**[a]—When the existence of a patent right or of a copyright is conceded, or has been established by an action at law, the jurisdiction of equity to restrain an infringement is too well settled and familiar to require the citation of authorities in

is exercised alike against private persons and against public bodies, municipalities, boards, commissioners, etc.; Lane v. Newdigate, 10 Ves. 192; Chalk v. Wyatt, 3 Mer. 688; Att'y-Gen. v. Birmingham, 4 Kay & J. 528; Wood v. Sutcliffe, 2 Sim., N. S., 163: Lingwood v. Stowmarket Co., L. R. 1 Eq. 77, 336; Att'y-Gen. v. Richmond, L. R. 2 Eq. 306; Goldsmid v. Tunbridge etc. Comm'rs, L. R. 1 Ch. 349; 1 Eq. 161; Clowes v. Staffordshire etc. Co., L. R. 8 Ch. 125; Att'y-Gen. v. Guardians, L. R. 20 Ch. Div. 595, 604–610; Metropolitan Board v. London etc. R'y, L. R. 17 Ch. Div. 246; Att'y-Gen. v. Birmingham Board, L. R. 17 Ch. Div. 685, 691; Pugh v. Golden V. R'y, L. R. 15 Ch. Div. 330; Glassop v. Heston etc. Board, L. R. 12 Ch. Div. 102, 109; Newington etc. Board v. Cottingham etc. Board, 12 Ch. Div. 725, 734; West Cumberland etc. Co. v. Kenyon, L. R. 11 Ch. Div. 782; 6 Ch. Div. 773; Taylor v. Corporation of St. Helens, L. R. 6 Ch. Div. 264; Flower v. Local Board etc., L. R. 5 Ch. Div. 347, 352; Pennington v. Brinsopp etc. Co., L. R. 5 Ch. Div. 769; Att'y-Gen. v. Great East. R'y, L. R. 6 Ch. 572; Att'y-Gen. v. Leeds Corporation, L. R. 5 Ch. 583; Att'y-Gen. v. Colney Hatch etc. Asylum, L. R. 4 Ch. 146; Baxendale v. McMurray, L. R. 2 Ch. 790; Crossley v. Lightowler, L. R. 2 Ch. 478; Nuneaton L. Board v. General Sewage Co., L. R. 20 Eq. 127; Compton v. Lea, L. R. 19 Eq. 115, 121; Holt v. Corporation of Rochdale, L. R. 10 Eq. 354, 361; Carlisle v. Cooper, 21 N. J. Eq. 568, 579, 583, 585; Att'y-Gen. v. Steward, 21 N. J. Eq. 340, 20 N. J. Eq. 415; Shimer v. Morris Canal Co., 27 N. J. Eq. 363; Holsman v. Boiling Spring etc. Co., 14 N. J. Eq. 335; Jacobs v. Allard, 42 Vt. 303, 1 Am. Rep. 331; Bull v. Valley Falls Co., 8 R. I. 42; Frink v. Lawrence, 20 Conn. 117, 50 Am. Dec. 274; Fisk v. Wilber, 7 Barb. 395; Pollitt v. Long, 58 Barb. 20; Olmsted v. Loomis, 6 Barb. 152; Gardner v. Newburgh, 2 Johns. Ch. 162, 165, 7 Am. Dec. 526; Van Bergen v. Van Bergen, 2 Johns. Ch. 272; 3 Johns. Ch. 282, 8 Am. Dec. 511; Reid v. Gifford, Hopk. Ch. 416; Hammond v. Fuller, 1 Paige, 197; Arthur v. Case, 1 Paige, 447; Belknap v. Trimble, 3 Paige, 577, 600; Babcock v. New Jersey etc. Co., 20 N. J. Eq. 296; Spangler's Appeal, 64 Pa. St. 387; Sanderson v. Pennsylvania Coal Co., 86 Pa. St. 401, 27 Am. Rep. 711; Lewis v.

§ 1352, (a) *Injunctions to protect patents and copyrights.*—For a full treatment, see Pom. Equitable Remedies, chap. XXVII, §§ 565–575.

its support. From the nature of the right and of the wrong,—the violation being a continuous act,—the legal remedy is necessarily inadequate. The ordinary form of relief is an accounting of profits and an injunction in equity; indeed, the action at law is seldom resorted to,

Stein, 16 Ala. 214, 50 **Am. Dec.** 177; Burden v. Stein, 27 Ala. 104, 62 **Am. Dec.** 758.

The California reports are so rich in most instructive cases that I may properly cite freely from them: Fitzgerald v. Urton, 5 Cal. 308; Burdge v. Underwood, 6 Cal. 45; Tenney v. Miners' D. Co., 7 Cal. 335; Tuolumne W. Co. v. Chapman, 8 Cal. 392; Weimer v. Lowery, 11 Cal. 104; Boggs v. Merced M. Co., 14 Cal. 279, 379; Henshaw v. Clark, 14 Cal. 460; Hicks v. Michael, 15 Cal. 107; Weaver v. Eureka Lake Co., 15 Cal. 271; Hicks v. Compton, 18 Cal. 206; Bensley v. Mt. Lake W. Co., 13 Cal. 306, 73 **Am. Dec.** 575; Logan v. Driscoll, 19 Cal. 623, 81 **Am. Dec.** 90; McLaughlin v. Kelly, 22 Cal. 212; Kittle v. Pfeiffer, 22 Cal. 484; Rupley v. Welch, 23 Cal. 452; Robinson v. Russell, 24 Cal. 467; Wixon v. Bear River etc. Co., 24 Cal. 367, 85 **Am. Dec.** 69; Leach v. Day, 27 Cal. 643; Ferrea v. Knipe, 28 Cal. 340, 87 **Am. Dec.** 128; Grigsby v. Burtnett, 31 Cal. 406; More v. Massini, 32 Cal. 590; Hill v. Smith, 32 Cal. 166; Levaroni v. Miller, 34 Cal. 231, 91 **Am. Dec.** 692; Yolo Co. v. Sacramento, 36 Cal. 193; Grigsby v. Clear Lake W. Co., 40 Cal. 396; Gregory v. Nelson, 41 Cal. 278; Cowell v. Martin, 43 Cal. 605; Cave v. Crafts, 53 Cal. 135; Robinson v. Black Diamond Coal Co., 50 Cal. 460; 57 Cal. 412, 40 **Am. Rep.** 118; and see the very important case of Woodruff v. North Bloomfield etc. M. Co., 8 Saw. 628, to enjoin several hydraulic mining companies from discharging their mining *débris* into a river, by which the lands of the adjoining proprietors below were destroyed, and the navigation of the river was impeded. Several of these California cases are very instructive with respect to injunctions against trespass.

*Miscellaneous examples—Encroachments upon public parks, squares, and the like:* Corning v. Lowerre, 6 Johns. Ch. 439; Hills v. Miller, 3 Paige, 254, 24 **Am. Dec.** 218; Trustees of Watertown v. Cowen, 4 Paige, 510.

*Corporations encroaching upon the rights of adjoining proprietors:* Coats v. Clarence R'y, 1 Russ. & M. 181; Bonaparte v. Camden etc. R. R., Bald. 205, 231; Mohawk etc. R. R. v. Artcher, 6 Paige, 83; Drake v. Hudson River R. R., 7 Barb. 508; Att'y-Gen. v. Tudor Ice Co., 104 Mass. 239; 6 **Am. Rep.** 227; Morris etc. R. R. v. Prudden, 20 N. J. Eq. 530.

except for the purpose of establishing the validity of the patent or copyright by the verdict of a jury when it is

*Disturbance of a burying-ground:* Beatty v. Kurtz, 2 Pet. 566, 584.

*Ringing of church bells:* Soltau v. De Held, 2 Sim., N. S., 133.

*Illustrations of various other nuisances:* Vernon v. Vestry of St. James, L. R. 16 Ch. Div. 449; Hedley v. Bates, L. R. 13 Ch. Div. 498; Sturges v. Bridgman, L. R. 11 Ch. Div. 852; Theed v. Debenham, L. R. 2 Ch. Div. 165; Broder v. Saillard, L. R. 2 Ch. Div. 692; Umfreville v. Johnson, L. R. 10 Ch. 580; Goodson v. Richardson, L. R. 9 Ch. 221; Att'y-Gen. v. Terry, L. R. 9 Ch. 423; Ball v. Ray, L. R. 8 Ch. 467; Thorpe v. Brumfitt, L. R. 8 Ch. 650; Gaunt v. Fynney, L. R. 8 Ch. 8; Hext v. Gill, L. R. 7 Ch. 699; Staight v. Burn, L. R. 5 Ch. 163; Inchbald v. Robinson, L. R. 4 Ch. 388; Att'y-Gen. v. Mid-Kent R'y, L. R. 3 Ch. 100; Clarke v. Clark, L. R. 1 Ch. 16; Tipping v. St. Helen's etc. Co., L. R. 1 Ch. 66; Ivimey v. Stocker, L. R. 1 Ch. 396; Smith v. Smith, L. R. 20 Eq. 500; Fenwick v. East London R'y, L. R. 20 Eq. 544; Allen v. Martin, L. R. 20 Eq. 462; Mott v. Shoolbred, L. R. 20 Eq. 22; Dyers's Co. v. King, L. R. 9 Eq. 438; Walker v. Brewster, L. R. 5 Eq. 25; Beadel v. Perry, L. R. 3 Eq. 465; Crump v. Lambert, L. R. 3 Eq. 409; Martin v. Headon, L. R. 2 Eq. 425, 434; Dent v. Auction Mart Co., L. R. 2 Eq. 238, 244, 246, 247; Broadbent v. Imperial Gas Co., 7 De Gex, M. & G. 436, 460, 462; 7 H. L. Cas. 600; St. Helen's etc. Co. v. Tipping, 11 H. L. Cas. 642; Watson v. Sutherland, 5 Wall. 74; Parker v. Winnipiseogee etc. Co., 2 Black, 545; Cadigan v. Brown, 120 Mass. 493; Richmond Mfg. Co. v. Atlantic etc. Co., 10 R. I. 106, 14 Am. Rep. 658; Duncan v. Hayes, 22 N. J. Eq. 25; Meigs v. Lister, 23 N. J. Eq. 199; O'Riley v. McChesney, 3 Lans. 278; Snow v. Williams, 16 Hun, 468; Rothery v. N. Y. Rubber Co., 24 Hun, 172; Seaman v. Lee, 10 Hun, 607; Beach v. Elmira, 22 Hun, 158; Henderson v. N. Y. Cent. R. R., 78 N. Y. 423; Lynch v. Mayor etc., 76 N. Y. 60, 32 Am. Rep. 271; Adams v. Popham, 76 N. Y. 410; Campbell v. Seaman, 63 N. Y. 568, 20 Am. Rep. 567; Olmsted v. Loomis, 9 N. Y. 423; Davis v. Lambertson, 56 Barb. 480; Owen v. Phillips, 73 Ind. 284; Wahle v. Reinbach, 76 Ill. 322; Greene v. Nunnemacher, 36 Wis. 50; Pettibone v. Hamilton, 40 Wis. 402; Lewis v. Stein, 16 Ala. 214, 50 Am. Dec. 177; Ex parte Martin, 13 Ark. 198, 58 Am. Dec. 321; Lamborn v. Covington Co., 2 Md. Ch. 409.

It is only by examining a large number of decisions that any adequate notion can be obtained of the wide extent of this jurisdiction, as well as of its limitations. These cases show that the jurisdiction is not exercised merely in exceptional cases, as might be inferred from some judicial language.

really contested. Under the constitution of the United States, the cognizance of suits for the infringement of these rights belongs exclusively to the federal courts.[1]

**§ 1353. Literary Property as Distinct from Copyright.**[a]—In analogy to the protection of copyrights, a jurisdiction has become well established by modern decisions to restrain the invasion or piracy of literary property in the product of intellectual labor, which still remains in the form of manuscript, or which, if printed, has not been published, and over which, as a consequence, no statutory copyright has been obtained; and to restrain an invasion of the similar right which an artist has in his pictures, and other original works of his creative art. This jurisdiction belongs to the state courts. It will be exercised to restrain the unauthorized publication of *unpublished* manuscript or printed matter in violation of the rights of the person entitled thereto;[1] the unauthorized publication, performance, representation on the stage, or other similar uses of dramatic compositions which have not been "published" by the author or proprietor;[2] the unauthorized publication, delivery, or other like use of lectures which have been delivered by the

§ 1352, 1 Hogg v. Kirby, 8 Ves. 215, 223; Nicol v. Stockdale, 3 Swanst. 687; Bacon v. Jones, 4 Mylne & C. 433, 436; Saunders v. Smith, 3 Mylne & C. 711, 728; Martin v. Wright, 6 Sim. 297. See Curtis on Patent and Copyrights, and Webster's Patent Cases.

§ 1353, 1 Duke of Queensbury v. Shebbeare, 2 Eden, 329; Pope v. Curl, 2 Atk. 342; Southey v. Sherwood, 2 Mer. 435, 437; Keene v. Wheatley, 9 Am. Law Reg. 33; Folsom v. Marsh, 2 Story, 100; Grigsby v. Breckenridge, 3 Bush, 480, 92 Am. Dec. 509.

§ 1353, 2 Keene v. Kimball, 16 Gray, 545, 77 Am. Dec. 426; Keene v. Clarke, 5 Rob. (N. Y.) 38; Palmer v. De Witt, 47 N. Y. 532, 7 Am. Rep. 480; 2 Sweeny, 530, 5 Abb. Pr., N. S., 130; Boucicault v. Fox, 5 Blatchf. 87; Keene v. Wheatley, 9 Am. Law Reg. 33; Crowe v. Aiken, 4 Am. Law Rev. 450.

§ 1353, (a) For annotations to this section, see Pom. Equitable Remedies, § 576.