**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Civil Action No.: 2:24-cv-1073<br><br>**JURY TRIAL DEMANDED** |

# PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION

## I. RADIAN HAS STANDING TO OBTAIN A PRELIMINARY INJUNCTION AND HAS DEMONSTRATED A LIKELIHOOD OF FUTURE INFRINGEMENT

The showing required to demonstrate standing on a request for preliminary-injunctive relief is not onerous, and Radian easily meets it here. At the pleading stage, a plaintiff discharges its obligation by generally alleging in the complaint (as Radian has) that the defendant will engage or continues to engage in conduct that violates the law and injures the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 553, 561 (1992); Cmplt., Dkt. 1, ¶¶ 744, 818–27, 842, 909–18, 933, 1001–10, 1025, 1104–13, 1127, 1198–1207, 1221, 1287–96, 1310, 1383–92. Patent infringement itself, with nothing more, is a cognizable injury for purposes of Article III. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021); *id.* at 447–48 (Thomas, J., joined by Breyer, Sotomayor & Kagan, JJ., dissenting) (citing *Whittemore v. Cutter*, 29 F. Cas. 1120, 1121 (C.C.D. Mass. 1813) (Story, J.)); *accord* H.T. Gomez-Arostegui & S. Bottomley, *Patent-Infringement Suits and the Right to a Jury Trial*, 72 Am. U. L. Rev. 1293, 1360–61 (2023).

"Discovery has only recently begun." Resp. at 23. Radian has received only a set of initial disclosures accompanied by zero documents. Because Radian has not "taken discovery," any burden on Radian remains low. *Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024); *see also Goshen Mfg. v. Hubert A. Myers Mfg.*, 242 U.S. 202, 208 (1916) (when a defendant claims to have stopped its conduct before suit, future infringement need only be "reasonably apprehended"); *United States v. Or. St. Med. Soc'y*, 343 U.S. 326, 333 (1952) (similar).[1]

Radian does not rely on a presumption of future infringement from past infringement, though past conduct certainly is probative of future conduct. *Murthy*, 144 S. Ct. at 1987. Radian

[1] Radian's request for injunctive relief is also not moot. Even if Samsung were to have voluntarily ceased its infringing conduct, Samsung must demonstrate that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). Samsung has not shown that here. Of course, as explained below, Samsung also has not stopped infringing.

sets forth evidence demonstrating that Samsung has infringed in the past, has not stopped infringing, and is likely to continue infringing during the pendency of this suit, unless enjoined. Mot. at 2–3, 5–7, 15–22. Furthermore, Samsung's declarants do not aver that Samsung does not internally use, test, or make ZNS-capable products anymore, nor do they deny marketing or offering to sell those products—they solely focus on actual sales of the products. Samsung is still actively advertising a ZNS-capable version of at least one accused product,[2] which constitutes an offer to sell, *see* 35 U.S.C. § 271(a), despite being put on notice of as much. Cmplt., Dkt. 1, at 38; Mot. at 24; Jones Decl., Dkt. 43-14, at 30. Samsung also does not declare that it will no longer sell ZNS-capable drives or that it will refuse to upgrade drives to include ZNS.

## II. RADIAN IS LIKELY TO SUCCEED ON THE MERITS

Samsung submits a declaration from an employee that makes a number of statements about how Samsung's accused products allegedly work or do not work. *See generally* Park Decl., Dkt. 46-20. However, the declaration does not cite or reference any technical documents or source code that validate his statements about the drives' functionality and operation. Also, the statements cannot be verified or tested. Samsung's technical-document and source-code production is supposed to be provided on June 18, 2025, with its P.R. 3-4 production. Radian contends that the expert analysis and evidence submitted satisfies its burden at the preliminary-injunction stage, but to the extent that the Court is inclined to deny the Motion for this reason, Radian would respectfully request that the Court do so without prejudice to Radian's ability to re-urge the Motion after having had the chance for fact discovery, including source code review.

Samsung also raises the specter of invalidity, but does not meet its burden of clear and

---

[2] *See* https://semiconductor.samsung.com/us/ssd/enterprise-ssd/ (listing PM1733); https://semiconductor.samsung.com/us/ssd/enterprise-ssd/pm1733/ (PM1733 product page); https://download.semiconductor.samsung.com/resources/brochure/PM1733%20NVMe%20SSD.pdf (describing option to purchase PM1733 with ZNS).

convincing evidence, which applies equally at the preliminary-injunction stage. Mot. at 5. Samsung identifies and characterizes a few references, but does not present an element-by-element analysis to show that all elements are anticipated, nor does it provide a motivation-to-combine analysis if it intended to argue obviousness. Samsung also does not present any expert testimony to support its invalidity allegations. *See generally* Swanson Decl., Dkt. 46-21.

## III. RADIAN WILL SUFFER IRREPARABLE HARM

Radian did not misread *ABC Corporation.* The Federal Circuit ruled that, in assessing a preliminary injunction, the likelihood of success is governed by Federal Circuit law, "while the other factors are governed by the law of the regional circuit." *ABC Corp. v. P'ship & Uninc. Ass'ns*, 52 F.4th 934, 941 (Fed. Cir. 2022). And that is so with irreparable harm. It does not necessarily entail equitable principles "unique to patent law." *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1381 (Fed. Cir. 2013). Indeed, irreparable harms like loss of reputation and goodwill are not patent specific. *See also eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006) ("[I]njunctive relief . . . discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards."); Mot. at 4; *cf. also SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods, LLC,* 580 U.S. 328, 340 (2017). Thus, irreparable harm must be assessed under Supreme Court and Fifth Circuit law.

Samsung is wrong to argue that the Federal Circuit previously rejected the same arguments in its *non-precedential* opinion *VidStream, LLC v. Twitter, Inc.*, 2024 WL 4820802 (Fed. Cir. Nov. 19, 2024). There, VidStream did not argue that Fifth Circuit law governed irreparable injury, nor did VidStream rely on Fifth Circuit law to demonstrate irreparability, as Radian does here. Also, to the extent the Federal Circuit found or implied that *Bosch* overruled *eBay's* requirement to apply traditional equitable principles, that is obviously wrong. Samsung also misreads *eBay* to hold that courts must ignore traditional equitable principles under the guise

that they constitute impermissible *per se* rules. That selectively champions one part of *eBay* to defeat another. Also, under that logic, the principle that failure to show irreparable harm blocks an injunction is itself a *per se* rule and thus impermissible. Moreover, the traditional principle Radian uses here—continuing wrongs—does not *entitle* it to a preliminary injunction. Nor does it constitute a presumption contrary to *Bosch*, which presumes one *fact* from proof of another *fact*.[3] Radian demonstrated that Samsung's violations are ongoing and from that *fact* asks the court to draw a *legal* conclusion—one that courts have drawn for hundreds of years—that damages are inadequate to redress future violations. Samsung does not grapple with Supreme Court or Fifth Circuit precedent on continuing wrongs, but instead argues that those cases have been overruled *sub silentio* by the passage of time or are inapplicable because patent cases have special equity rules. Both are wrong. *See*, *e.g.*, *eBay*, 547 U.S. at 391–94; Mot. at 4, 8, 12–14.

Radian has been as diligent as its prior condition allowed in filing this suit, and then promptly moved for preliminary relief after Samsung answered. Mot. at 17. A plaintiff's "right to prospective injunctive relief should, in most cases, remain unaltered" even after multi-year delays. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 682–83 (2014); *see also SCA*, 580 U.S. at 331–38 (endorsing and applying *Petrella*'s reasoning to patent cases). Moreover, under traditional principles of equity, barring equitable relief for inexcusable delay in filing suit (which is what Samsung essentially argues here) requires not just showing delay but a showing of laches. *See City of Sherrill v. Oneida Ind. Nation*, 544 U.S. 197, 217 (2005) (history of laches barring equitable relief). Fifth Circuit law governs this transsubstantive point, and laches requires

[3] Samsung incorrectly suggests that the Federal Circuit's presumption of irreparable harm always required a showing of both likelihood of success *and* ongoing infringement. *See, e.g.*, *Polymer Techs. v. Bridwell*, 103 F.3d 970, 973–75 (Fed. Cir. 1996) (defendant can *rebut* presumption by demonstrating it "has or will soon cease the allegedly infringing activities"); Mot. at 14.

not only inexcusable delay but undue prejudice to the defendant from that delay. *See Abraham v. Alpha Chi Omega*, 708 F.3d 614, 622 (5th Cir. 2013); *Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1161 (5th Cir. 1982); *see also Menendez v. Holt*, 128 U.S. 514, 524 (1888) ("[S]o far as the act is in progress, and lies in the future, the right to the intervention of equity is not generally lost by previous delay . . . ."). In addition to Radian's delay being excusable, Samsung cannot show that being sued in December 2024, rather than earlier, has unduly prejudiced it on Radian's request for prospective equitable relief. *Cf. also Petrella*, 572 U.S. at 687 (even when laches does not bar an injunction entirely, courts considering the scope of equitable relief "should closely examine [a defendant's] alleged reliance on [plaintiff's] delay").

Samsung also parses its past injuring of Radian across timelines and entities. This ignores that Radian is not even required to show past harm—a preliminary injunction offers relief from future harms. To be sure, Samsung's past harmful conduct is probative of the likelihood that Samsung will injure Radian in the future. *See Murthy*, 144 S. Ct. at 1987. Samsung appears to argue that its conduct of icing Radian out of the industry was so effective, that its infringement could not possibly harm Radian any further. But that cannot be and is not the case.

## IV. REMAINING FACTORS

Samsung admits that it would not suffer any hardship from complying with the proposed injunction, *see* Resp. at 23, so Factor 3 favors an injunction. Samsung alleges Radian has been wrongfully "free-riding" on a non-party's marks. That is not true. Radian did not pretend to be an NVMe member or provide standardization services; rather, Radian indicated how its products complied with already-published specifications. This is nothing like Samsung's cited unclean hands cases and does not involve perjury or fraud in obtaining patents or conflicts-of-interest from former Samsung attorneys. Resp. at 24. Factor 4 still favors granting an injunction.

Radian respectfully requests oral argument and the granting of its Motion.

Dated: May 28, 2025

Respectfully submitted,

*/s/ Austin Curry*

Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848

Andrea L. Fair
State Bar No. 24078488
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
E-mail: andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF RADIAN MEMORY SYSTEMS LLC**

## CERTIFICATE OF SERVICE

I certify that on May 28, 2025, a true and correct copy of the above and foregoing document was served on counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Austin Curry*
Austin Curry