IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC, <br><br> *Radian*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC. <br><br> *Defendants*. | Civil Action No. 2:24-cv-1073 <br><br> JURY TRIAL DEMANDED |

**SAMSUNG'S SUR-REPLY REGARDING RADIAN'S
MOTION FOR PRELIMINARY INJUNCTION**

**INTRODUCTION**

Radian's Reply (Dkt. 48) underscores the fatal weaknesses of Radian's motion. Radian faces no likelihood of future injury on this record and Radian lacks any meaningful response to this defect. Thus, Radian fails to carry its burden to show standing and the Court should deny the motion without reaching the preliminary-injunction factors.

But those factors also are lacking. Radian's attempt to show irreparable harm falls apart on multiple unrebutted grounds. Most significantly, Radian fails to explain how Samsung is responsible for the harms that Radian alleges. Radian does not meaningfully dispute that the alleged harms (1) predate the patents at issue, (2) were not inflicted by Samsung, and (3) were not suffered by the Radian entity suing here. Moreover, Radian fails to explain how its claim that ongoing infringement always inflicts irreparable harm is consistent with controlling precedent.

Nor does Radian salvage its failed showing of a likelihood of success on the merits. In effect, Radian asks this Court to look past Radian's failure of proof on the ground that the record could be developed further through discovery. But Radian's proper course would then be to proceed to final judgment, not urge the grant of a preliminary injunction on a deficient record. Finally, Radian fails to rebut that the remaining equitable factors favor Samsung, including because Radian's request that this Court break from precedent disserves the public interest.

Samsung respectfully requests that the Court deny Radian's motion.

**ARGUMENT**

**I.   RADIAN FAILS TO ESTABLISH STANDING**

Radian's belated attempt to establish a likelihood of future injury fails. As an initial matter, Radian relies on the wrong legal standard. Radian claims (Reply at 1) that it has standing because the complaint alleges ongoing harm. But the pleadings do not suffice to obtain a preliminary injunction, particularly where, as here, the defendant disputes the pleadings with evidence. *See*

1

*Texas Alliance for Retired Americans v. Hughs*, 976 F.3d 564, 567 n.1 (5th Cir. 2020); *Crowell v. Looper L. Enf't, LLC*, 2011 WL 1515030, at *2 (N.D. Tex. Apr. 20, 2011) (denying preliminary injunction in light of "factual attack" on plaintiff's standing). Nor can Radian properly accuse Samsung (*see* Reply at 2) of failing to rebut every conceivable ground for standing. The burden to show standing lies with Radian. *See Texas Alliance*, 976 F.3d at 567 n.1.

Radian fails to rebut the testimony of Samsung's principal engineer that Samsung has not sold ZNS products for years and, as Samsung recently confirmed, Hardy Decl. Ex. S (48), has no plans to do so. Instead, Radian pivots to claim (Reply at 2) that Samsung still offers to sell the PM1733 product, based on three webpages about that product, only one of which even mentions ZNS capabilities. This new argument fails. An "offer to sell" requires the defendant to "communicate a manifestation of willingness to enter into a bargain." *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005). A "general advertisement does not constitute an offer to sell," because "mere advertising and promoting of a product may be nothing more than an invitation for offers." *Smith v. Garlock Equipment Company*, 658 Fed. App'x 1017, 1028-9 (Fed. Cir. 2016) (finding no offer to sell in the absence of "price quotations to specific customers"). Radian has not produced any evidence of an offer to sell products with the accused ZNS functionality, nor could it given Samsung's testimony. *See Tx. Adv. Optoelecs. Solutions, Inc. v. Renesas Elecs. Am. Inc.*, 2019 WL 4805916 (E.D. Tex. Oct. 1, 2019) (crediting sworn declaration over website advertisements). Radian thus lacks standing to obtain preliminary injunctive relief.

**II.    RADIAN CONFIRMS THE ABSENCE OF IRREPARABLE HARM**

Radian no longer disputes that it flunks the prevailing test for showing irreparable harm. *See* Opp. at 8-13. Nor does it dispute that it is a non-practicing entity that seeks a preliminary injunction solely because it wishes for Samsung to take a license. *Id.* at 12-13. In fact, Radian

2

scarcely disputes that it fails to show causation for each of the reasons that Samsung discussed. *See id.* at 9-12. Instead, Radian attempts (Reply at 5) to dismiss that problem as an exercise in "pars[ing] . . . timelines and entities." But the problem is fatal. Radian cannot explain how Samsung's alleged infringement beginning in May 2022 worked to drive the original Radian entity from the market in the late 2010s, let alone how doing so harmed a different Radian entity that did not even exist until 2024. Under the law of any circuit, that is the end of the story.

Moreover, Radian's attempt to avoid the law of the Federal Circuit does not succeed. As Samsung explained (Opp. at 17 n.6), Radian misplaces reliance on *ABC Corp.* for the proposition that Federal Circuit law does not apply. *See, e.g.*, *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1379 (Fed. Cir. 2022) ("We review the grant or denial of a preliminary injunction under the law of the regional circuit … except for considerations specific to patent issues, which we review under our own body of law." (cleaned up)). The question of whether Radian faces irreparable harm plainly implicates patent-specific issues, especially because Radian now operates as a patent licensing business. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 396 (2006) (Kennedy, J., concurring) (explaining how "the nature of the patent being enforced and the economic function of the patent holder" may affect the propriety of injunctive relief). Indeed, there is no on-point (or even relevant) Fifth Circuit law regarding Radian's **core argument** that the loss of a patent term constitutes a continuing trespass that automatically gives rise to irreparable harm. That argument clearly presents a patent-specific issue governed by Federal Circuit law.

Radian still misplaces reliance on *eBay* for the proposition that ongoing infringement equals irreparable harm. Radian does not dispute that the Federal Circuit rejected this argument in *VidStream*. But, according to Radian (Reply at 4), the Federal Circuit's view of *eBay* is fallacious because "under that logic, the principle that failure to show irreparable harm blocks an

3

injunction is itself a *per se* rule and thus impermissible." But Radian's purported *reductio ad absurdum* is unsound. *eBay* reaffirmed the traditional four-factor test. The test ***itself*** requires a showing of irreparable harm. *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024). And that showing of irreparable harm can be made easier only when Congress so provides. *Id.* at 348 (discussing the statutory presumption of irreparable harm for trademark violations). Thus, the necessary showing of irreparable harm is not the kind of "*per se* rule" that *eBay* rejected, and shortcuts to proving irreparable harm are not allowed.[1]

Finally, Radian fails to give any persuasive account of its three-year delay. Its conclusory assertion (Reply at 4) that it "has been as diligent as its prior condition allowed" does not suffice. Rather than provide any facts to explain why it took three years to sue Samsung, Radian continues to seek shortcuts. Specifically, Radian conflates the delay that debunks the need for preliminary relief with ***laches***, which is an equitable defense that requires a showing of prejudice to the defendant. Radian's authorities do not address preliminary injunctions and instead address only this irrelevant affirmative defense. *See, e.g.*, *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 333 (2017). The Court need not proceed beyond Radian's failed showing of irreparable harm to deny Radian's motion for extraordinary preliminary relief.

## III. RADIAN'S LIKELIHOOD OF SUCCESS REMAINS LOW

Radian's attempt to rehabilitate its likelihood of showing infringement reduces to one proposition—namely, that Radian might succeed if it could conduct thorough discovery. Radian's sole response (Reply at 2) to Samsung's affiants is that their testimony cannot be "verified or tested"

---

[1] Radian also still misreads *Bosch*. Radian purports (Reply at 4) to distinguish *Bosch* on the ground that Radian asks the Court to presume a legal conclusion from a fact, whereas the presumption rejected in *Bosch* purportedly presumed "one fact from proof of another fact." But Radian misdescribes *Bosch* and the presumption it rejected. The rejected presumption plainly allowed courts to reach the legal conclusion that irreparable harm was likely—exactly as Radian wrongly asks the Court to do here.

4

without "fact discovery, including source code review." But, if that is so, Radian's motion should be denied because the preliminary record cannot support it. There is no reason that Radian should not have to proceed through discovery in the ordinary course and seek relief if and when it can actually satisfy its burden. Regarding invalidity, it remains doubtful that Radian's patents are valid. But, either way, the record shows that Radian's likelihood of proving infringement is low.

### IV. RADIAN STILL FALLS SHORT REGARDING THE REMAINING FACTORS

Radian fails to show that the balance of harms and the public interest support its motion. Because Samsung is not selling the technology at issue, Radian would not benefit from an injunction and the balance of harms is neutral at best. As for the public interest, Radian does not dispute that a grant of its motion would harm the public interest by undermining *stare decisis*. Nor does Radian rebut that it has unclean hands. Radian attempts to recharacterize how it uses the NVMe marks, but the record refutes that attempt. Opp. at 24-5 (citing evidence of Radian's misuse of NVMe trademarks despite Radian confirming that is has never been an NVMe member).

### V. RADIAN CONCEDES THAT ITS REQUESTED INJUNCTION IS OVERBROAD

Radian does not respond to Samsung's argument that Radian's proposed injunction reaches too far. *See* Opp. at 25. Radian thereby concedes that any injunction should conform to the limited contours that Samsung described.

### CONCLUSION

Samsung respectfully requests that the Court deny Radian's motion.

Dated: June 5, 2025    By:   */s/ Lance Yang*

                                       Melissa R. Smith
                                       Texas State Bar No. 24001351
                                       melissa@gillamsmithlaw.com
                                       **GILLAM & SMITH, LLP**
                                       303 South Washington Avenue

Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Sean Pak
California Bar No. 219032 (admitted *pro hac vice)*
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Kevin Hardy
D.C. Bar No. 473941 (admitted in E.D. Tex.)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100

Lance Yang
California Bar No. 260705 (admitted in E.D. Tex.)
lanceyang@quinnemanuel.com
Arian Koochesfahani
California Bar No. 344642 (admitted *pro hac vice*)
ariankoochesfahani@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 5, 2025, all counsel of record who have appeared in this action are being served with a copy of the foregoing via the Court's CM/ECF system and via electronic mail on the date this document is filed.

Dated: June 5, 2025

/s/ *Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case and Local Rule CV-5.

Dated: June 5, 2025

/s/ *Lance Yang*
Lance Yang