# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants.* | Civil Action No. 2:24-cv-01073-JRG<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.'S AND SAMSUNG ELECTRONICS AMERICA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF RADIAN MEMORY SYSTEMS LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-12)

Pursuant to Fed. R. Civ. P. 26 and 33 and by and through their undersigned counsel, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") object and respond to Plaintiff Radian Memory Systems LLC's ("Plaintiff" or "Radian") interrogatories, dated May 2, 2025, in connection with the above-captioned litigation.

### GENERAL OBJECTIONS

Defendants make the following General Objections, whether or not separately set forth in response to each Interrogatory, to each and every instruction, definition, and question posed in the Interrogatories. By responding to any of the Interrogatories or failing to specifically refer to or specify any particular General Objection in response to a particular Interrogatory, Defendants do not waive any of these General Objections, or admit or concede the appropriateness of any purported Interrogatory or any assumptions contained therein.

**INTERROGATORY NO. 3:**

Please identify all future versions of the accused products and, where applicable, please indicate whether Samsung plans to make any change to the functionality that is relevant to infringement.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendants incorporate each of their General Objections by reference. Defendants further object to this Interrogatory as vague and ambiguous as to the terms "future versions," "plans to make any change," "the functionality," and "relevant to infringement." Defendants also object to this Interrogatory as overly broad and unduly burdensome as to the terms "all future versions" and "any change." Defendants further object to this Interrogatory on the grounds that it: (i) is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, as it seeks information or documents not relevant to this action, including records and products not at issue in this action, and seeks information or documents without a temporal or geographical limitation; (ii) is compound, consisting of multiple discrete subparts, and improperly seeks to circumvent the limitations for interrogatories that may be propounded as set forth in FED. R. CIV. P. 33; (iii) seeks information or documents subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Defendants are required to protect or maintain the confidentiality of any information; (iv) seeks a legal conclusion and in responding to this interrogatory does not concede that the Accused Product infringes or has been made, sold, offered for sale, used or distributed in the United States, or imported into the United States; (v) seeks expert testimony in advance of the deadline set by the Court; (vi) calls for a legal conclusion and/or assumes facts not in evidence; and (vii) seeks information protected from disclosure by attorney-

client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.

Subject to the foregoing, Defendants respond as follows:

Samsung denies that any of its products, including but not limited to the accused products, or the functionality therein, infringes the patents-in-suit.

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

██████████

Defendants' investigation is ongoing. Discovery in this case is ongoing and Defendants may supplement their response to this Interrogatory as appropriate, including as allowed by the Federal Rules, any Local Rules, and/or the Court's orders in this case.

Dated: June 2, 2025 /s/ *Kevin Hardy*

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Sean Pak
California Bar No. 219032 (admitted *pro hac vice*)
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Kevin Hardy
D.C. Bar No. 473941 (admitted in E.D. Tex.)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100

Lance Yang
California Bar No. 260705 (admitted in E.D. Tex.)
lanceyang@quinnemanuel.com
Arian Koochesfahani
California Bar No. 344642 (admitted *pro hac vice*)
ariankoochesfahani@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served on counsel for plaintiff Radian Memory Systems LLC via electronic delivery on June 2, 2025.

/s/ Homin Ban
Homin Ban