# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:24-cv-01073-JRG  **JURY TRIAL DEMANDED** |

**SAMSUNG'S RESPONSE TO THE UNITED STATES' STATEMENT OF INTEREST**

The United States takes no position on whether Radian has established a likelihood of irreparable harm or on the ultimate question of whether the Court should exercise its discretion to issue a preliminary injunction in this case. *See* Dkt. 52 (Statement) at 3, 15. For example, the United States does not address the uncontested facts that Samsung has not sold the accused products for over two years and has no plans to do so and that, as a result, Radian lacks Article III standing to pursue injunctive relief. Nevertheless, because the government's submission suggests a new standard for evaluating irreparable harm—*i.e.*, what the government believes the law should be rather than what it actually is—Samsung submits this brief response to confirm that Radian cannot meet **any** standard for establishing irreparable harm and to respond to the United States' novel legal positions.

*First*, the United States does not contest—indeed, it does not even mention—multiple dispositive points counseling against injunctive relief. It does not contest that Radian lacks Article III standing because Samsung has not sold ZNS products for years and has no plans to do so. Dkt. 49 (Sur-reply) at 1-2. It does not contest that Radian's case fails on the merits and that the balance of hardships and public interest favor Samsung. *Id.* at 4-5. It does not contest that Radian lacks irreparable harm because the alleged harms predate the patents at issue, were not inflicted by Samsung, and were not suffered by the Radian entity suing here. *Id.* at 1, 3. Nor does it contest that Radian inexcusably delayed filing suit—waiting three years after the earliest patent issued in May 2022 to seek preliminary relief, despite considering litigation as early as 2021 and never even requesting that Samsung cease the alleged infringement. *Id.* at 4; Dkt. 46 (Opposition) at 9. Indeed, the United States agrees with Samsung that the Court should reject Radian's chief argument that 18th-century principles require a finding of irreparable harm. Statement at 5 n.2.

Accordingly, the Court may deny Radian's motion without considering the United States' statement.

*Second*, and regardless, the United States' position on the relevant legal standard does not save Radian here. According to the United States, non-practicing entities may suffer irreparable harm because reasonable royalties can be difficult to determine. Statement at 5, 7. The United States therefore proposes, "to the extent supported by evidence," that the Court "examine the difficulty of calculating damages for ongoing patent infringement" in the form of a "reasonable royalty." *Id.* at 5, 15. But the predicate for the government's proposal is lacking here. Apart from the alleged losses of market share and good will suffered by Legacy Radian (now known as "Naidar"),[1] Radian offers no evidence that calculating a reasonable royalty would be unduly difficult, nor is there any "ongoing patent infringement." Moreover, Radian does not dispute that it operates as a patent licensing business and that its main goal is for Samsung to take a license. Sur-reply at 2-3. There is no evidence that Radian has lost control of its ability to license its patents or that it is unwilling to license—indeed, the opposite appears to be true.

*Finally*, the United States breaks from controlling precedent when it suggests—despite the frequency with which this Court and others adjudicate claims for patent damages that are affirmed on appeal[2]—that royalties usually are too difficult to determine and that courts should therefore find irreparable harm more readily. Specifically, the United States suggests that irreparable harm should arise "[a]bsent established terms and royalty rates" applicable to "all comers." Statement

---

[1] Again, these alleged losses have no connection to Plaintiff Radian or the asserted patents and still would not suffice if they did. *Cf. id.* at 13 (citing *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1338 (Fed. Cir. 2012) ("Cablevision's loss of market share does not make ActiveVideo's harm irreparable.")).

[2] According to Lex Machina's Patent Litigation Report 2025, from 2015 to 2022, only 49 of 426 total damages awarded were reversed on appeal.

at 11, 15 & n.6. But, as the United States recognizes, "the Federal Circuit ***has yet to find harm for patentees who rely solely on licensing***." *See id.* at 12. Indeed, the United States signals its clash with precedent when it claims that the complexities that surround the *Georgia-Pacific* factors prove that royalties tend to be incalculable. *See id.* at 7-8, 10. In fact, the *Georgia-Pacific* framework has served courts well for decades. By nevertheless suggesting that courts should be inclined to find irreparable harm when reasonable royalties are anything less than "straightforward," *id.* at 15, the United States comes dangerously close to exhuming the presumption of irreparable harm rejected in *Robert Bosch LLC v. Pylon Manufacturing Corp.*, 659 F.3d 1142 (Fed. Cir. 2011), and seemingly disregards the requirement that patentee show a causal nexus between the alleged infringement and the alleged harm. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1360 (Fed. Cir. 2013). Worse still, the United States' approach would effectively shift the burden to defendants to prove that damages are straightforward and quantifiable even when a plaintiff merely asserts, without supporting evidence, that its losses cannot be quantified. Forcing defendants to prove a negative flips established precedent that a plaintiff seeking preliminary injunctive relief has the burden to demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (rejecting "possibility" standard as too lenient). *See also Takeda Pharms. USA v. Mylan Pharms. Inc.*, 967 F.3d 1339, 1349 (Fed. Cir. 2020) (A "bare assertion of irreparable harm is never sufficient . . . to justify the extraordinary remedy of preliminary injunction.").

Samsung respectfully submits that the United States' statement does not change the bottom line. The Court should still deny Radian's motion.

Dated: July 7, 2025         By:   /s/ Lance Yang

        Melissa R. Smith
        Texas State Bar No. 24001351
        melissa@gillamsmithlaw.com
        **GILLAM & SMITH, LLP**
        303 South Washington Avenue
        Marshall, Texas 75670
        Phone: (903) 934-8450
        Fax: (903) 934-9257

        Sean Pak
        California Bar No. 219032 (admitted *pro hac vice)*
        seanpak@quinnemanuel.com
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        50 California Street, 22nd Floor
        San Francisco, CA 94111
        Tel: 415-875-6600
        Fax: 415-875-6700

        Kevin Hardy
        D.C. Bar No. 473941 (admitted in E.D. Tex.)
        kevinhardy@quinnemanuel.com
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        1300 I Street, N.W., Suite 900
        Washington, DC 20005
        Tel: 202.538.8000
        Fax: 202.538.8100

        Lance Yang
        California Bar No. 260705 (admitted in E.D. Tex.)
        lanceyang@quinnemanuel.com
        Arian Koochesfahani
        California Bar No. 344642 (admitted *pro hac vice*)
        ariankoochesfahani@quinnemanuel.com
        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        865 South Figueroa Street, 10th Floor
        Los Angeles, CA 90017
        Tel: (213) 443-3000
        Fax: (213) 443-3100

        *Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 3, 2025, all counsel of record who have appeared in this action are being served with a copy of the foregoing via the Court's CM/ECF system and via electronic mail on the date this document is filed.

Dated:  July 7, 2025                         */s/ Melissa R. Smith*
                                                           Melissa R. Smith