IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC,<br>    *Plaintiff,*<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. &<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br>    *Defendants.* | Case No. 2:24-cv-01073-JRG |

## ORDER GOVERNING E-DISCOVERY

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders, including the Court's Discovery Order in this case (Dkt. No. 33). It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties. To the extent the parties cannot resolve their disagreements regarding such modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent agreement of the parties otherwise, any production of ESI shall include metadata, to the extent such metadata is applicable to an individual item and is already within the producing party's possession, custody, or control, showing an individual item's:

    A. Title;

    B. Filename;

1

    C.      Creation date and time;

    D.      Modification date and time;

    E.      Author;

    F.      Subject line;

    G.      Distribution list (e.g., "To," "Cc," and "Bcc" fields);

    H.      Date and time sent;

    I.      Date and time received;

    J.      Beginning Bates;

    K.      End Bates.

5.    Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

    A.    **General Document Image Format.** Each electronic document shall be produced in Portable Document Format ("PDF") format or single page Tagged Image File Format ("TIFF"). To the extent an electronic document is produced in PDF format, each such electronic document shall be named with a unique production number followed by the appropriate file extension. To the extent an electronic document is produced in TIFF format, each such TIFF file shall be single page and shall be named with a unique production number followed by the appropriate file extension. If a document contains attachments (e.g., an attachment to an email), such attachments shall be separately produced. Load files shall be provided to indicate the location of produced electronic documents and unitization of the TIFF files, as applicable, identify any attachments to electronic documents through unitization information, and identify any metadata of produced electronic documents.

B. **Text-Searchable Documents.** No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party. To the extent electronic documents are produced in PDF format, the producing party shall produce such documents in text-searchable PDF format.

C. **Footer.** Each page of any document produced in electronic image format shall contain a footer with a sequentially ascending production number.

D. **Native Files.** Documents that would not be reasonably legible in image or near-native format, and documents that would be incomplete in image or near-native format, should be produced as native files. Examples of such documents include, without limitation, spreadsheets of more than a single page or documents, including for example PowerPoint files, containing tracked changes, comments, or notes that would not be visible in an image format. A party that receives a document produced in an image format may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, Storage Area Networks ("SANs"), and other forms of media, to comply with its discovery obligations in the present case.

  F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this Court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, each side must propound specific e-mail production requests. A "side" means a party or a group of parties with a common interest.

7. E-mail production requests shall be phased to occur timely after the sides have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the ten most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the Court. Each requesting side may also propound up to five written discovery requests and take one deposition per producing side to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The Court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting side shall limit its e-mail production requests to a total of six

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

custodians per producing side for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing side, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting side shall limit its e-mail production requests to a total of ten search terms per custodian per side. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless words or phrases are variants or translations of the same words or phrases. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. The parties agree to negotiate regarding email production requests in good faith. To this end, the producing side shall provide ESI Search Reports identifying the number of hits per search term, the custodians run against each set of terms, date ranges for the searches, and the actual terms used, to the extent the term used differs from the email production request due to a party's technical capability.

11. To the extent that a party elects to produce e-mail: (i) from someone that is not designated as an email custodian but is an individual for whom the party has email records of; (ii) that does not match a search term; or (iii) that does not fall within the timeframe specified in the requesting side's e-mail production requests, that party must immediately give notice to the other side within one week of such production. Within one week of receiving such notice, the receiving party may serve on the producing party up to seven additional search terms for the individual whose e-mail was produced, or request that the previously requested terms be applied to a different date range. The producing party shall produce non-privileged email hits within a reasonable amount of time, but not later than 10 business days, after search terms are provided by the receiving party, unless the volume of production reasonably demands additional time. Document custodians under this subsection shall not be counted against the limit of e-mail custodians. This provision does not apply to the inadvertent production of isolated e-mails or e-mails originally and incidentally contained within responsive documents (e.g., an e-mail attached to a report or part of an electronic binder of materials) and does not impose an affirmative burden on either party to review its e-mail productions for e-mails falling into any of the criteria above.

12. To the extent that a party has in its possession, custody, or control a certified English translation of a produced document (regardless of who originally produced the document) written in a language other than English, that party shall also produce a copy of such translation to the other side. For the avoidance of doubt, pursuant to this paragraph each party is required to provide certified English translations of produced documents that it is aware of, but neither party has an obligation to generate or otherwise obtain translations of any documents.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

15. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 3rd day of September, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE