# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Civil Action No.: 2:24-cv-1073-JRG <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S OPPOSED MOTION TO DISMISS

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 1

III. ARGUMENT ......................................................................................................................... 4

    A. Radian's claims should be dismissed without prejudice under Rule 41(a)(2). ............. 4

    B. Samsung's counterclaims should be dismissed without prejudice under
       Rule 12(b)(1). ................................................................................................................ 8

IV. CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Bell v. Keystone RV Co.*
   628 F.3d 157 (5th Cir. 2010) ........................................................................................... 6, 8

*Benitec Austl., Ltd. v. Nucleonics, Inc.*
   495 F.3d 1340 (Fed. Cir. 2007) ............................................................................................ 9

*Blue Spike, LLC v. Audible Magic Corporation*
   No. 6:15-cv-584, Dkt. No. 105 (E.D. Tex. May 16, 2016) .................................................. 6

*Constellation Designs, LLC v. LG Elecs., Inc. et al.*
   No. 2:21-cv-448-JRG, Dkt. No. 257 (E.D. Tex. June 15, 2023) ......................................... 6

*Danisco US, Inc. v. Novozymes A/S*
   744 F.3d 1325 (Fed. Cir. 2014) ........................................................................................ 8, 9

*Durham v. Fla. E. Coast Ry. Co.*
   385 F.2d 366 (5th Cir. 1967) ................................................................................................ 5

*Elbaor v. Tripath Imaging, Inc.*
   279 F.3d 314 (5th Cir. 2002) ...................................................................................... 5, 6, 7

*Holiday Queen Land Corp. v. Baker*
   489 F.2d 1031 (5th Cir. 1974) .............................................................................................. 7

*Ikospentakis v. Thalassic S.S. Agency*
   915 F.2d 176 (5th Cir. 1990) ................................................................................................ 5

*Maryland Casualty Co. v. Pac. Coal & Oil Co.*
   312 U.S. 270 (1941) .............................................................................................................. 8

*Matthews v. Priority Energy Servs., LLC*
   No. 6:15-CV-448-RWS-KNM, 2016 WL 7633990 (E.D. Tex. Dec. 2, 2016)
   *report and recommendation adopted*
   No. 6:15-CV-448-RWS-KNM, 2017 WL 26080 (E.D. Tex. Jan. 3, 2017) .......................... 7

*MedImmune, Inc. v. Genentech, Inc.*
   549 U.S. 118 (2007) ........................................................................................................ 8, 9

*Metaswitch Networks Ltd. v. Genband US LLC*
   No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451 (E.D. Tex. Mar. 1, 2016)
   *report and recommendation adopted sub nom.*
   No. 2:14-CV-744-JRG-RSP, 2016 WL 1404214 (E.D. Tex. Apr. 11, 2016) ..................... 10

*Miller v. Christus St. Michael Health Sys.*
   No. 5:17-CV-00130-RWA, 2019 WL 8301674 (E.D. Tex. July 10, 2019) ............................. 5

*Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*
   904 F.2d 298 (5th Cir. 1990) ............................................................................................... 7

*Phillips v. Ill. Cent. Gulf R.R.*
   874 F.2d 984 (5th Cir. 1989) ....................................................................................... 5, 6, 7

*Pontenberg v. Boston Scientific Corporation*
   252 F.3d 1253 (11th Cir. 2001) ........................................................................................... 7

*Streck, Inc. v. Research & Diagnostic Sys.*
   665 F.3d 1269 (Fed. Cir. 2012) ...................................................................................... 8, 10

*VirnetX Inc. v. Cisco Sys., Inc.*
   No. 6:10-CV-417, 2014 WL 12605380 (E.D. Tex. Mar. 28, 2014) ..................................... 10

*Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*
   479 F.3d 1330 (Fed. Cir. 2007) ............................................................................................ 5

*Welsh v. Correct Care, L.L.C.*
   915 F.3d 341 (5th Cir. 2019) ............................................................................................... 8

*Wi-LAN Inc. v. Apple Inc.*
   No. 6:12-cv-920, Dkt. No. 56 (E.D. Tex. Oct. 20, 2014) ..................................................... 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 1, 4, 8, 9

Fed. R. Civ. P. 41(a)(2) ............................................................................................... passim

## I. INTRODUCTION

Plaintiff Radian Memory Systems LLC ("Radian") respectfully moves to dismiss this case without prejudice pursuant to Rule 41(a)(2) and Rule 12(b)(1). Radian believes that this case is important and that it raises weighty issues relevant to patent law more broadly. However, in light of sworn testimony from Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"), Radian moves to dismiss this case without prejudice.

## II. STATEMENT OF FACTS

On December 24, 2024, Radian filed a 347-page Complaint against Samsung alleging infringement of seven United States Patents. Dkt. No. 1. On April 7, 2025, Samsung filed its Answer with no counterclaims. Dkt. No. 26. Two days later, on April 9, 2025, Radian served over 1,800 pages of infringement contentions detailing Samsung's infringement of the Patents-in-Suit. *See* Dkt. Nos. 16, 18, 31.

Less than one month later, on May 6, 2025, Radian filed a Motion for Preliminary Injunction seeking to enjoin Samsung from making, using, offering to sell, or selling within the United States or importing into the United States solid-state drives ("SSDs") with ZNS capabilities and functionalities. Dkt. No. 43 ("Motion for Preliminary Injunction"). On May 20, 2025, Samsung filed a response to Radian's Motion for Preliminary Injunction. Dkt. No. 46. In support, Samsung submitted the declaration of Dr. Junseok Park ("Park Declaration"). Dkt. No. 46-20. Dr. Park stated that ███████████████████████████████████████████████████████ ███████████████████████████████████. *See id.* On May 22, 2025, Radian requested the deposition of Dr. Park. *See* Ex. 1 at 2. However, because Samsung could not make Dr. Park available until the day before Radian's reply brief was due, thus negating the usefulness of taking the deposition at that time, Radian filed its reply brief without Dr. Park's deposition. *See* Ex. 2 at 2.

1

███████████████████████████████████████

In an effort to obtain further clarity, Radian also served early discovery regarding Samsung's infringing products, financial data, and future plans for the infringing technology. In response, Samsung stated that ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ *See* Ex. 3 at 4 (Samsung's Response to Radian's Interrogatory No. 3). Like Dr. Park's declaration, this response also did not rule out future infringement.

On June 27, 2025, the Court set an evidentiary hearing on the Motion for Preliminary Injunction for July 16, 2025. Thereafter, on July 10, 2025 (KST), and in preparation for the evidentiary hearing, Radian deposed Dr. Park. At the deposition, Dr. Park provided the following new material information not included in Samsung's previously filed declarations or interrogatory responses:

- ████████████████████████████████████████ ████████████████████████████████████████ ██ █████████████████████

- ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████

- ████████████████████████████████████████ ██████████████████████████████

- ████████████████████████████████████████ ████████████████████████████████████████

2





Based on this new sworn testimony from Dr. Park, Radian moved—that same day—to withdraw its Motion for Preliminary Injunction. Dkt. No. 62. On July 11, 2025, the Court granted Radian's Motion to Withdraw noting that the withdrawal was based on Samsung's affirmative representations. Dkt. No. 64 ("As a part of such, Radian sets forth several affirmative representations made to it by Samsung which Radian now believes obviate the imminent risk that would support a preliminary injunction. Radian also says it seeks withdrawal to preserve judicial resources.") (citations omitted).

Thereafter, the parties attempted to resolve their dispute without Court intervention. Despite their good faith efforts over several weeks, the parties have been unable to resolve their dispute. Accordingly, on September 6, 2025, Radian formally requested a meet-and-confer on this motion to dismiss. *See* Ex. 5 at 3–4. In response, Samsung indicated that it would not be available to meet and confer until September 9, 2025. *See id.* at 3. On September 8, 2025, the night before the parties were to meet and confer regarding Radian's motion to dismiss, Samsung filed an Amended Answer, for the first time asserting counterclaims of non-infringement and invalidity. Dkt. No. 67. After waiting to confer with counsel, and in an effort to preserve party and court resources, Radian now seeks dismissal of this case, including Samsung's belated counterclaims, without prejudice under Rule 41(a)(2) and Rule 12(b)(1).

### III.  ARGUMENT

#### A.  Radian's claims should be dismissed without prejudice under Rule 41(a)(2).

Under Rule 41(a)(2), an action may be dismissed by court order, and unless otherwise

stated, the dismissal is without prejudice. FED. R. CIV. P. 41(a)(2). "Voluntary dismissal pursuant to Rule 41(a)(2) is not unique to patent cases," and regional circuit law applies. *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1335–36 (Fed. Cir. 2007) (affirming dismissal of plaintiff's claims without prejudice or conditions under Fourth Circuit's analysis of Rule 41(a)(2), which is substantially similar to that of the Fifth Circuit) (citations omitted). In the Fifth Circuit, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

Plain legal prejudice is a high bar. The possibility of an "annoyance of a second litigation upon the same subject matter" is not sufficient to show a plain legal prejudice to the defendant. *See Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 369 (5th Cir. 1967). And "[i]t is no bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Durham*, 385 F.2d at 368 (citation and quotation marks omitted) (finding that district court exceeded its discretion by dismissing complaint with prejudice instead of without prejudice). *See also Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177–78 (5th Cir. 1990) ("That plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal."). Plain legal prejudice requires "prejudice to some legal interest, some legal claim, some legal argument." *Miller v. Christus St. Michael Health Sys.*, No. 5:17-CV-00130-RWA, 2019 WL 8301674, at *2 (E.D. Tex. July 10, 2019) (citation omitted). Indeed, plain legal prejudice often requires that the granting of a motion for voluntary dismissal causes the nonmovant to be stripped of an otherwise available defense. *See, e.g., Elbaor*, 279 F.3d at 318–19 (holding potential loss of a statute of limitations defense would cause plain legal prejudice); *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (holding absolute loss of a statute of limitations defense

5

constitutes legal prejudice which precludes granting a motion to dismiss without prejudice).

Samsung will not suffer "plain legal prejudice" from the dismissal of this case without prejudice. Samsung will not be stripped of a defense nor lose a legal claim as is required under Fifth Circuit law. *See, e.g.*, *Phillips*, 874 F.2d at 987; *Elbaor*, 279 F.3d at 317. Accordingly, dismissal without prejudice is appropriate. Likewise, Courts in this District have exercised their discretion to grant such requests for dismissal without prejudice in similar circumstances. *See Constellation Designs, LLC v. LG Elecs., Inc. et al.,* No. 2:21-cv-448-JRG, Dkt. No. 257 at 22:19–24:12 (E.D. Tex. June 15, 2023) (granting opposed motion to dismiss patent infringement claims without prejudice under Rule 41(a)(2) when motion to dismiss was filed less than one month before jury trial, and after service of expert reports and filing dispositive motions); *Blue Spike, LLC v. Audible Magic Corporation*, No. 6:15-cv-584, Dkt. No. 105 (E.D. Tex. May 16, 2016) (granting opposed Motion to Dismiss infringement claims without prejudice where patent owner moved for dismissal soon after receiving binding testimony regarding accused products); *Wi-LAN Inc. v. Apple Inc.*, No. 6:12-cv-920, Dkt. No. 56 (E.D. Tex. Oct. 20, 2014) (granting an opposed Motion to Dismiss a case under Rule 41(a)(2) without prejudice).

The stage of the case does not compel a different result. This case is in its infancy; claim construction has not occurred, and discovery has just begun. There are no pending motions and there is no impending adverse action. *See Bell v. Keystone RV Co.*, 628 F.3d 157, 162–163 (5th Cir. 2010). The parties' efforts with respect to the Motion for Preliminary Injunction also do not bar dismissal without prejudice. Cases much more advanced than here have been appropriately dismissed without prejudice. For example, in *Pontenberg v. Boston Scientific Corporation*, the Eleventh Circuit, relying on the Fifth Circuit's opinion in *Durham*, found that the district court did not abuse its discretion by granting dismissal without prejudice under Rule 41(a)(2) even after a

6

summary judgment motion had been filed. *See* 252 F.3d 1253, 1256 (11th Cir. 2001). In particular, "the fact that the litigation [had] proceeded to the summary judgment stage" did not constitute "plain legal prejudice requiring the denial of a motion to dismiss." *See id*. Likewise, "the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Elbaor*, 279 F.3d at 317 n.3.

Even Samsung's insistence that a second lawsuit would be frivolous in light of Dr. Park's sworn testimony cannot justify dismissal with prejudice. A party's belief that a second lawsuit would be frivolous cannot amount to loss of any substantial right precluding dismissal without prejudice. *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974) ("Despite INA's insistence that a second suit would be only a perpetuation of the frivolous and spurious, we conclude that INA would not have lost any substantial right by the dismissal."). *See also Matthews v. Priority Energy Servs., LLC*, No. 6:15-CV-448-RWS-KNM, 2016 WL 7633990, at *3 (E.D. Tex. Dec. 2, 2016), *report and recommendation adopted,* No. 6:15-CV-448-RWS-KNM, 2017 WL 26080 (E.D. Tex. Jan. 3, 2017) ("However, 'the mere prospect of a second lawsuit on the same facts is not sufficiently prejudicial to the defendant to justify denial of a [voluntary] motion to dismiss.'") (quoting *Phillips*, 874 F.2d at 987).

Accordingly, Radian respectfully requests that the Court exercise its discretion to dismiss this case without prejudice.[1]

---

[1] Should the Court be inclined to dismiss this case **with prejudice**, Radian respectfully requests the option to withdraw this motion to dismiss. A plaintiff typically "has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous." *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990). Thus, "before requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract his motion to dismiss" rather than accept the dismissal with

*(continued on next page)*

### B. Samsung's counterclaims should be dismissed without prejudice under Rule 12(b)(1).

With Radian's claims related to the Patents-in-Suit dismissed without prejudice, Samsung's related counterclaims for non-infringement and invalidity should also be dismissed for lack of jurisdiction under Rule 12(b)(1). With Radian's claims dismissed, there would be no case or controversy over Samsung's related counterclaims.

"The burden is on the party claiming declaratory judgment jurisdiction ... to establish that an Article III case or controversy existed at the time that the claim for declaratory relief was filed and that it has continued since." *Danisco US, Inc. v. Novozymes A/S*, 744 F.3d 1325, 1329 (Fed. Cir. 2014). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In particular, "a counterclaimant must show a ***continuing*** case or controversy with respect to withdrawn or otherwise unasserted claims." *Streck, Inc. v. Research & Diagnostic Sys.*, 665 F.3d 1269, 1283 (Fed. Cir. 2012) (affirming the District Court lacked jurisdiction over invalidity counterclaims regarding withdrawn patent claims) (emphasis added).

Samsung can make no such showing for two reasons. First, Samsung has confirmed—through a sworn declaration, sworn witness testimony, and an interrogatory response—that ▮

---

prejudice. *Bell*, 628 F.3d at 163 n.4. Where a plaintiff is "not given the chance to withdraw the motion and reject the condition of dismissal with prejudice, [it is an abuse of discretion]." *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344 (5th Cir. 2019). Accordingly, if the Court is inclined to impose a with prejudice condition for dismissal, Radian will respectfully withdraw this motion to dismiss and proceed with this case to protect its patent rights.

8

██████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████ *See supra* at 1–4. As such, there is no continuing case or controversy that can justify retention of Samsung's counterclaims. *See Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1346 (Fed. Cir. 2007) (finding no jurisdiction where the plaintiff had moved to dismiss its infringement claims and the defendant had no concrete plans to begin infringing until several years into the future, if ever).

Second, even if there was a case or controversy at some point in this litigation, there was no case or controversy when Samsung belatedly asserted its counterclaims. Samsung bears the burden of "establish[ing] that an Article III case or controversy existed ***at the time*** that the claim for declaratory relief was filed and that it has continued since." *Danisco*, 744 F.3d at 1329 (emphasis added). Radian requested a formal meet-and-confer regarding its motion to dismiss on September 6, 2025. [2] *See* Ex. 5 at 3–4. It was not until September 8, 2025—after Samsung confirmed that ███████████████████████████ and after Radian confirmed that it intended to dismiss its patent infringement claims—that Samsung filed an Amended Answer and for the first time asserted counterclaims of non-infringement and invalidity. *Compare* Dkt. No. 26 *with* Dkt. No. 67. But at that time, there was no Article III case or controversy. *See Benitec*, 495 F.3d at 1346. As such, Samsung's belated counterclaims should be dismissed without prejudice under Rule 12(b)(1).

Furthermore, the fact that Samsung raises invalidity counterclaims does not confer jurisdiction. "*MedImmune* does not stand for the proposition that an Article III case or controversy

---

[2] Notably, on September 5, 2025, client representatives for Radian also specifically communicated to client representatives for Samsung that Radian intended to file this motion to dismiss. *See* Ex. 5 at 4.

9

███████████████████████████████

exists automatically whenever a competitor desires to mount a validity challenge." *Streck*, 665 F.3d at 1284. Indeed, this Court has previously dismissed a defendant's counterclaim after the plaintiff withdrew its infringement claims despite the defendant's insistence on mounting an invalidity challenge. *See Metaswitch Networks Ltd. v. Genband US LLC,* No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451, at *1–2 (E.D. Tex. Mar. 1, 2016), *report and recommendation adopted sub nom. Metaswitch Networks Ltd v. Genband US LLC,* No. 2:14-CV-744-JRG-RSP, 2016 WL 1404214 (E.D. Tex. Apr. 11, 2016). The Court found that it lacked jurisdiction over the counterclaims that corresponded to the withdrawn patent and also that considerations of judicial administration provided an independent basis not to exercise jurisdiction. *See id.* The defendant in that case did not meet its burden to otherwise show that the Court maintained jurisdiction after the patent was dropped. *See id.* Samsung similarly cannot meet its burden to show that a case or controversy currently exists with respect to the dismissed Patents-in-Suit.

With the dismissal of its affirmative claims without prejudice, Radian respectfully requests that the Court exercise its discretion to dismiss Samsung's counterclaims without prejudice. *Cf. VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2014 WL 12605380, at *5 (E.D. Tex. Mar. 28, 2014) (dismissing claims and corresponding counterclaims without prejudice).

IV.   **CONCLUSION**

Due to Samsung's assertions ███████████████████████ ██████████████████████████████ Radian moves to dismiss its previously asserted claims of patent infringement. Consistent with precedent from this Court, the Federal Circuit, and the Firth Circuit, Radian respectfully requests that the Court grant its motion to dismiss this case, including Samsung's belated counterclaims, without prejudice.

11

| | |
|---|---|
| DATED: September 11, 2025 | Respectfully submitted,<br><br>/s/ *Jason D. Cassady*<br>Jason D. Cassady<br>Texas State Bar No. 24045625<br>Email: jcassady@caldwellcc.com<br>Bradley W. Caldwell<br>Texas State Bar No. 24040630<br>Email: bcaldwell@caldwellcc.com<br>John Austin Curry<br>Texas State Bar No. 24059636<br>acurry@caldwellcc.com<br>Hamad M. Hamad<br>Texas State Bar No. 24061268<br>Email: hhamad@caldwellcc.com<br>Adrienne R. Dellinger<br>Texas Bar No. 24116275<br>Email: adellinger@caldwellcc.com<br>Alexander J. Gras<br>Texas Bar No. 24125252<br>Email: agras@caldwellcc.com<br>Andrew T. Langford<br>Texas State Bar No. 24087886<br>Email: alangford@caldwellcc.com<br>**CALDWELL CASSADY & CURRY P.C.**<br>2121 N Pearl Street, Suite 1200<br>Dallas, TX 75201<br>Telephone: (214) 888-4848<br><br>Andrea L. Fair<br>Texas Bar No. 24078488<br>Email: andrea@millerfairhenry.com<br>**MILLER FAIR HENRY, PLLC**<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323<br><br>*Attorneys for Radian Memory Systems LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email.

                                                                          */s/Jason D. Cassady*
                                                                          Jason D. Cassady

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirements of Local Rule CV-7(h). Counsel for both parties discussed the issues presented here on September 9, 2025. Counsel for Defendant indicated that it was opposed to the relief sought herein.

                                                                          */s/Jason D. Cassady*
                                                                          Jason D. Cassady

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case.

                                                                          */s/Jason D. Cassady*
                                                                          Jason D. Cassady