IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>*Defendants*. | Case No. 2:24-cv-01073-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF RADIAN MEMORY SYSTEMS LLC'S ANSWER TO DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
ELECTRONICS AMERICA, INC.'S COUNTERCLAIMS**

Radian has already moved to dismiss Samsung's belatedly-filed Counterclaims. *See* Radian's Motion to Dismiss, Dkt. 68. Radian incorporates by reference its Motion to Dismiss and its forthcoming Reply in support. As such, an answer to the allegations in the Counterclaims is not needed, but Radian provides its answer out of good faith and an abundance of caution. To be sure, Radian denies that there is declaratory judgment jurisdiction for Samsung's Counterclaims in view of Radian informing Samsung that it intended to move to dismiss its claims (before Samsung had filed its Counterclaims) and then Radian formally moving to dismiss them (Dkt. 68). Radian denies all allegations in the Counterclaims unless expressly admitted in the following Paragraphs. *See generally* Radian's Motion to Dismiss, Dkt. 68. Any admissions herein are for purposes of this matter only. Radian reserves all rights to amend its pleading, including the right to take further positions that may become apparent as a result of additional information discovered subsequent to the filing of this Answer. Each

1

Paragraph of the Answer below responds to the corresponding numbered or lettered Paragraph of the Counterclaims.

## THE PARTIES

1. Based on information and belief, Radian admits the allegations in paragraph 1 of the Counterclaims.

2. Based on information and belief, Radian admits the allegations in paragraph 2 of the Counterclaims.

3. Radian admits the allegations in paragraph 3 of the Counterclaims.

## JURISDICTION AND VENUE

4. Radian admits that Samsung's claims purport to be declaratory judgment counterclaims arising under arising under the Patent Laws of the United States of America, 35 U.S.C. § 1, et seq and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Radian admits that this Court otherwise has subject matter jurisdiction over actions properly arising under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Except as expressly admitted, Radian denies any remaining allegations in paragraph 4 of the Counterclaims, including any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

5. Radian admits the Court has personal jurisdiction over Radian for purposes of this action and that it is a Texas limited liability company having its place of business at 6275 West Plano Parkway, Suite 500, Plano, Texas 75093. Except as expressly admitted, Radian denies any remaining allegations in paragraph 5 of the Counterclaims, including any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

6. Radian admits that venue is proper in this district for this action. Except as expressly admitted, Radian denies any remaining allegations in paragraph 6 of the Counterclaims, including any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

## COUNT ONE

### (Declaration of Noninfringement of U.S. Patent No. 11,544,183)

7. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

8. Radian admits that it alleges in its Complaint that it is owner and assignee of all substantial rights in the '183 Patent and that Samsung infringes the '183 Patent but denies any allegation or suggestion that declaratory judgment jurisdiction exists (see Radian's Motion to Dismiss, Dkt. 68).

9. Radian denies the allegations in paragraph 9 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

10. Radian denies the allegations in paragraph 10 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

11. Radian denies the allegations in paragraph 11 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT TWO

### (Declaration of Invalidity of U.S. Patent No. 11,544,183)

12. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

13. Radian denies the allegations in paragraph 13 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

14. Radian admits that it contends that the '183 Patent is valid and enforceable but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

15. Radian denies the allegations in paragraph 15 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

16. Radian denies the allegations in paragraph 16 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT THREE
### (Declaration of Noninfringement of U.S. Patent No. 11,709,772)

17. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

18. Radian admits that it alleges in its Complaint that it is owner and assignee of all substantial rights in the '772 Patent and that Samsung infringes the '772 Patent but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

19. Radian denies the allegations in paragraph 19 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

20. Radian denies the allegations in paragraph 20 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

21. Radian denies the allegations in paragraph 21 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT FOUR

### (Declaration of Invalidity of U.S. Patent No. 11,709,772)

22. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

23. Radian denies the allegations in paragraph 23 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

24. Radian admits that it contends that the '772 Patent is valid and enforceable but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

25. Radian denies the allegations in paragraph 25 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

26. Radian denies the allegations in paragraph 26 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT FIVE

### (Declaration of Noninfringement of U.S. Patent No. 11,681,614)

27. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

28. Radian admits that it alleges in its Complaint that it is owner and assignee of all substantial rights in the '614 Patent and that Samsung infringes the '614 Patent but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

29. Radian denies the allegations in paragraph 29 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

30. Radian denies the allegations in paragraph 30 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

31. Radian denies the allegations in paragraph 31 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT SIX

### (Declaration of Invalidity of U.S. Patent No. 11,681,614)

32. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

33. Radian denies the allegations in paragraph 33 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

34. Radian admits that it contends that the '614 Patent is valid and enforceable but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

35. Radian denies the allegations in paragraph 35 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

36. Radian denies the allegations in paragraph 36 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT SEVEN

### (Declaration of Noninfringement of U.S. Patent No. 11,740,801)

37. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

38. Radian admits that it alleges in its Complaint that it is owner and assignee of all substantial rights in the '801 Patent and that Samsung infringes the '801 Patent but denies any

allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

39. Radian denies the allegations in paragraph 39 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

40. Radian denies the allegations in paragraph 40 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

41. Radian denies the allegations in paragraph 41 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT EIGHT

### (Declaration of Invalidity of U.S. Patent No. 11,740,801)

42. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

43. Radian denies the allegations in paragraph 43 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

44. Radian admits that it contends that the '801 Patent is valid and enforceable but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

45. Radian denies the allegations in paragraph 45 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

46. Radian denies the allegations in paragraph 46 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT NINE

### (Declaration of Noninfringement of U.S. Patent No. 11,347,657)

47. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

48. Radian admits that it alleges in its Complaint that it is owner and assignee of all substantial rights in the '657 Patent and that Samsung infringes the '657 Patent but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

49. Radian denies the allegations in paragraph 49 of the Counterclaims. . *See also* Radian's Motion to Dismiss, Dkt. 68.

50. Radian denies the allegations in paragraph 50 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

51. Radian denies the allegations in paragraph 51 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT TEN

### (Declaration of Invalidity of U.S. Patent No. 11,347,657)

52. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

53. Radian denies the allegations in paragraph 53 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

54. Radian admits that it contends that the '657 Patent is valid and enforceable but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

55. Radian denies the allegations in paragraph 55 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

56. Radian denies the allegations in paragraph 56 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT ELEVEN

### (Declaration of Noninfringement of U.S. Patent No. 11,347,656)

57. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

58. Radian admits that it alleges in its Complaint that it is owner and assignee of all substantial rights in the '656 Patent and that Samsung infringes the '656 Patent but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

59. Radian denies the allegations in paragraph 59 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

60. Radian denies the allegations in paragraph 60 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

61. Radian denies the allegations in paragraph 61 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT TWELVE

### (Declaration of Invalidity of U.S. Patent No. 11,347,656)

62. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

63. Radian denies the allegations in paragraph 63 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

64. Radian admits that it contends that the '656 Patent is valid and enforceable but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

65. Radian denies the allegations in paragraph 65 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

66. Radian denies the allegations in paragraph 66 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT THIRTEEN

### (Declaration of Noninfringement of U.S. Patent No. 11,307,995)

67. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

68. Radian admits that it alleges in its Complaint that it is owner and assignee of all substantial rights in the '995 Patent and that Samsung infringes the '995 Patent but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

69. Radian denies the allegations in paragraph 69 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

70. Radian denies the allegations in paragraph 70 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

71. Radian denies the allegations in paragraph 71 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## COUNT FOURTEEN

### (Declaration of Invalidity of U.S. Patent No. 11,307,995)

72. Radian repeats and realleges its responses in the immediately preceding paragraphs 1-6 as if fully set forth here.

73. Radian denies the allegations in paragraph 73 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

74. Radian admits that it contends that the '995 Patent is valid and enforceable but denies any allegation or suggestion that declaratory judgment jurisdiction exists (*see* Radian's Motion to Dismiss, Dkt. 68).

75. Radian denies the allegations in paragraph 75 of the Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

76. Radian denies the allegations in paragraph 76 of the Counterclaims and denies that Samsung is entitled to any relief. *See also* Radian's Motion to Dismiss, Dkt. 68.

## PRAYER FOR RELIEF

A. Radian denies that Samsung is entitled to relief.

B. Radian denies that Samsung is entitled to relief.

C. Radian denies that Samsung is entitled to relief.

D. Radian denies that Samsung is entitled to relief.

E. Radian denies that Samsung is entitled to relief.

## DEMAND FOR JURY TRIAL

Radian denies that Samsung is entitled to trial on any issue. There is no declaratory judgment jurisdiction for Samsung's Counterclaims. *See also* Radian's Motion to Dismiss, Dkt. 68.

## DEFENSES

Radian asserts the following affirmative and other defenses set forth below in response to Samsung's Counterclaims. Radian does not concede that it bears the burden of proof as to any of them nor does Radian concede that the presence of its affirmative defenses indicates there is any ongoing case or controversy that would confer declaratory judgement jurisdiction over Samsung's counterclaims. *See* Radian's Motion to Dismiss, Dkt. 6. Radian is asserted these defenses solely out of an abundance of caution while its Motion to Dismiss is pending. Radian reserves the right to amend, modify, or expand these defenses as it learns additional facts while the case is still pending.

## FIRST DEFENSE
### (FAILURE TO STATE CLAIM)

Samsung's counterclaims fail to state a claim upon which relief may be granted. *See also* Radian's Motion to Dismiss, Dkt. 68.

## SECOND DEFENSE
### (RESERVATION OF RIGHTS)

Radian reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense at law or in equity that may exist now or that may be available in the future. *See also* Radian's Motion to Dismiss, Dkt. 68.

DATED: September 30, 2025                                Respectfully submitted,

/s/ Jason D. Cassady
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
acurry@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
Andrew T. Langford
Texas State Bar No. 24087886
Email: alangford@caldwellcc.com
Adrienne R. Dellinger
Texas Bar No. 24116275
Email: adellinger@caldwellcc.com
Alexander J. Gras
Texas Bar No. 24125252
Email: agras@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848

Andrea L. Fair
Texas Bar No. 24078488
Email: andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Radian Memory Systems LLC*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

*/s/Jason D. Cassady*
Jason D. Cassady
