IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants.* | Case No. 2:24-cv-01073-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF RADIAN MEMORY SYSTEMS LLC'S
MOTION TO AMEND DOCKET CONTROL ORDER**

Plaintiff Radian Memory Systems LLC ("Radian" or "Plaintiff") files this Motion to Amend the Docket Control Order ("Motion to Amend") and respectfully shows the Court as follows:

On December 24, 2024, Radian filed a 347-page Complaint alleging infringement of seven patents. Dkt. No. 1. Samsung answered on April 7, 2025, without counterclaims. Dkt. No. 26. Two days later, Radian served over 1,800 pages of infringement contentions. *See* Dkt. Nos. 16, 18, 31. Shortly thereafter, Radian moved for a preliminary injunction. Dkt. No. 43 ("Motion for Preliminary Injunction").

In Samsung's May 20, 2025, response Samsung claimed *de minimis* past sales. Dkt. 46-20 (Park Decl.). But Samsung refused to disclaim future infringement. Radian sought early discovery. Samsung responded it "has no plans" to sell ZNS products before August 2026 but again stopped short of representing it would no longer infringe. Dkt. 62, Ex. 3 at 4.

At Dr. Park's July 10, 2025, deposition, Samsung confirmed that the accused ZNS

1

firmware is not actively maintained, cannot be added to customer SSDs, and would not be provided or upgraded for customers. Dkt. 68 at 2-3. Dr. Park further testified that writing new firmware from scratch for future products would be easier than modifying the old code. *Id.* at 3-4. Based on these and other affirmative sworn representations, Radian withdrew its preliminary injunction motion. Dkt. 62. Citing Samsung's new affirmative representations, the Court granted Radian's motion. Dkt. 64.

Since then, Radian has attempted to resolve the risk of future infringement without Court intervention, but Samsung refuses to disclaim future sales of accused products and has otherwise made disproportionate and unworkable demands in the face of Radian's attempts to resolve the case. Accordingly, Radian moved to dismiss without prejudice under Rules 41(a)(2) and 12(b)(1) on September 11, 2025, which, if granted will dispose of all pending issues before the Court entirely. Dkt. 68 ("Motion to Dismiss"). Briefing regarding Radian's Motion to Dismiss narrowly precedes the initiation of claim construction in this case. In particular, under the First Amended Docket Control Order, the parties' are scheduled to exchange proposed claim terms under Patent Rule (P.R.) 4-1 on October 23, 2025, exchange preliminary constructions under P.R. 4-2 on November 13, 2025, and file a joint claim construction statement under P.R. 4-3 on December 4, 2025, all while engaging in claim construction discovery, which is scheduled to end on January 7, 2026. To further conserve the Court and the parties' resources, Radian now seeks only a short extension of a few claim construction deadlines while the Motion to Dismiss is pending.

Federal Rule of Civil Procedure 16(b) allows the Court to modify a schedule upon a showing of good cause. Fed. R. Civ. P. 16(b). Courts consider four factors when determining whether good cause exists: "(1) the explanation for the failure to [meet the deadline]; (2) the

2

importance of the [modification of the deadline]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Travelpass Group, LLC, Partner Fusion, Inc. v. Caesars Entertainment Corporation*, No. 5:18-CV-153-RWS-CMC, 2020 WL 10963947, at *4 (E.D. Tex. Nov. 9, 2020) (citing *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Here, the factors weigh in favor of amending the docket control order as requested.

Radian's Motion to Dismiss seeks to dispose of the case in its entirety, eliminating any need for the parties and the Court to expend resources in claim construction. Good cause therefore exists to modestly amend just the few nearest deadlines while that dispositive motion is pending. The case is still in its early stages: discovery remains incomplete and claim construction has not yet begun. Briefly extending the deadlines by only a few weeks will either preserve those resources entirely if the motion is granted, or, if the case proceeds, adjust them in a minimal and non-disruptive way. Importantly, no other deadlines will change, the overall case schedule remains intact, and the August 31, 2026, trial setting is unaffected. Nor will the short extensions prejudice Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants"). Instead, the extensions help avoid the expending of Court, party, and potentially expert resources and expenses where there is no ongoing dispute.

For the aforementioned reasons, Radian respectfully requests the Court amend the operative docket control order for the claim construction deadlines as follows:

| Current Date | Amended Date | Event |
|---|---|---|
| January 2, 2026 | January 7, 2026 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| December 11, 2025 | No Change | File Response to Amended Pleadings |

| | | |
|---|---|---|
| November 27, 2025 | No Change | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| December 4, 2025 | December 11, 2025 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| November 13, 2025 | December 4, 2025 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| October 23, 2025 | November 21, 2025 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |

4

|  |  |
|---|---|
| DATED: October 1, 2025 | Respectfully submitted,<br><br>*/s/ Hamad M. Hamad*<br>Jason D. Cassady<br>Texas State Bar No. 24045625<br>Email: jcassady@caldwellcc.com<br>Bradley W. Caldwell<br>Texas State Bar No. 24040630<br>Email: bcaldwell@caldwellcc.com<br>John Austin Curry<br>Texas State Bar No. 24059636<br>acurry@caldwellcc.com<br>Hamad M. Hamad<br>Texas State Bar No. 24061268<br>Email: hhamad@caldwellcc.com<br>Andrew T. Langford<br>Texas State Bar No. 24087886<br>Email: alangford@caldwellcc.com<br>Adrienne R. Dellinger<br>Texas Bar No. 24116275<br>Email: adellinger@caldwellcc.com<br>Alexander J. Gras<br>Texas Bar No. 24125252<br>Email: agras@caldwellcc.com<br>**CALDWELL CASSADY & CURRY P.C.**<br>2121 N Pearl Street, Suite 1200<br>Dallas, TX 75201<br>Telephone: (214) 888-4848<br><br>Andrea L. Fair<br>Texas Bar No. 24078488<br>Email: andrea@millerfairhenry.com<br>**MILLER FAIR HENRY, PLLC**<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323<br><br>*Attorneys for Radian Memory Systems LLC* |

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 1, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

                                                                         */s/Hamad M. Hamad*
                                                                        Hamad M. Hamad


**CERTIFICATE OF CONFERENCE**

      The undersigned hereby certifies that counsel has complied with the meet and confer requirements of Local Rule CV-7(h). Counsel for both parties conferred via telephone on September 25, 2025, and Samsung informed Radian that it opposed on September 29, 2025.

                                                                        */s/Hamad M. Hamad*
                                                                        Hamad M. Hamad