# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC, ) </br> ) </br> *Radian*, ) </br> ) </br> v. ) </br> ) </br> SAMSUNG ELECTRONICS CO., LTD., ) </br> AND SAMSUNG ELECTRONICS ) </br> AMERICA, INC. ) </br> ) </br> *Defendants*. ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | Civil Action No. 2:24-cv-1073 </br></br> JURY TRIAL DEMANDED |

# SAMSUNG'S OPPOSITION TO RADIAN'S
# MOTION TO DISMISS

▬▬▬▬▬

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................3

I.  RADIAN'S CLAIMS CANNOT BE DISMISSED WITHOUT PREJUDICE...................6

II. SAMSUNG'S COUNTERCLAIMS CANNOT PROPERLY BE DISMISSED ................8

III. SAMSUNG IS ENTITLED TO ITS COSTS AND FEES IF RADIAN'S
    CLAIMS ARE DISMISSED WITHOUT PREJUDICE......................................................10

CONCLUSION......................................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Chung v. Vaporous Techs., LLC*,
   2018 WL 2754506 (C.D. Cal. June 4, 2018) ...........................................................................6

*Coliseum Square Ass'n, Inc. v. Jackson*,
   465 F.3d 215 (5th Cir. 2006) ................................................................................................10

*Elbaor v. Tripath Imaging, Inc.*,
   279 F.3d 314 (5th Cir. 2002) ..................................................................................................7

*FaceTec, Inc. v. Jumio Corp.*,
   2024 WL 4703142 (N.D. Cal. Nov. 1, 2024) ......................................................................7, 8

*Koki Holdings Am. Ltd. v. Int'l Trade Comm'n*,
   2022-2006, 2024 WL 3964284 (Fed. Cir. Aug. 28, 2024) ......................................................8

*McCauley v. Kroger Co.*,
   2020 WL 2065634 (N.D. Tex. Apr. 29, 2020) .....................................................................10

*Metaswitch Networks Ltd. v. Genband US LLC*,
   2016 WL 1426451 (E.D. Tex. Mar. 1, 2016) .........................................................................9

*Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*,
   904 F.2d 298 (5th Cir. 1990) ................................................................................................10

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014) ..............................................................................................................11

*Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*,
   551 U.S. 701 (2007) ................................................................................................................9

*Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*,
   665 F.3d 1269 (Fed. Cir. 2012) ..............................................................................................9

*Verna IP Holdings, LLC v. Alert Media, Inc.*,
   2023 WL 11983711 (W.D. Tex. Feb. 8, 2023) ......................................................................6

*VirnetX Inc. v. Cisco Sys., Inc.*,
   2014 WL 12605380 (E.D. Tex. Mar. 28, 2014) .....................................................................9

## Statutes

35 U.S.C. § 285 ....................................................................................................................2, 10

35 U.S.C. § 315(b) ........................................................................................................................7

## Other Authorities

9 C. Wright & A. Miller, Federal Practice & Procedure § 2366 (4th ed., May 2025 update) ....................................................................................................................................10

Federal Rule of Civil Procedure 41(a)(2) ...............................................................1, 6, 7, 8, 9, 10

## **INTRODUCTION**

The Court should deny Radian's motion to dismiss this case without prejudice. Dkt. 68 ("Motion" or "Mot."). Last year, Radian materialized out of the blue to sue Samsung for patent infringement. Preliminary discovery quickly revealed that the accused products do not infringe Radian's asserted patents; that Samsung ▮▮▮▮▮▮▮▮▮▮ of the accused products; and that Samsung stopped selling those products years ago—all things that Radian may have learned had it reached out to Samsung beforehand. Having learned these facts, Radian could have dismissed its claims with prejudice months ago. It did not. Instead, it continued to aggressively litigate the case, forcing Samsung to file petitions for *inter partes review* ("IPR"), oppose a motion for a preliminary injunction, and bring counterclaims.

Now, Radian seeks a dismissal without prejudice to avoid these counterclaims and IPR petitions. But that is not how it works.

Federal Rule of Civil Procedure 41(a)(2) precludes dismissal without prejudice as a matter of law. In particular, the second part of Rule 41(a)(2) categorically forbids dismissal without prejudice unless pending counterclaims, such as Samsung's here, can be independently adjudicated. But that exception is not satisfied. As Radian concedes, the parties' claims stand and fall together because they comprise the same Article III case or controversy. The Rule is clear: by moving to dismiss after Samsung filed its counterclaims, Radian missed the timing required to obtain a discretionary dismissal.

Even if the Federal Rules authorized discretion to grant Radian's motion, the proper course would still be to deny it. A dismissal without prejudice would legally prejudice Samsung because it could nullify Samsung's pending IPR petitions on grounds unrelated to the merits. Samsung has only one year from the date of Radian's complaint to file any IPR petitions challenging the Asserted Patents, and Radian is already arguing to the Patent Trial and Appeal Board ("PTAB")

1

that any dismissal of this action warrants discretionary denial. If Radian succeeds, it will be able run out the clock and sue Samsung a second time while having nullified a key defense through a procedural ploy. In these circumstances, dismissing this case without prejudice would constitute an abuse of discretion.

As for Samsung's counterclaims, Radian wrongly calls them "belated." They are not, given that the Docket Control Order permits either party to amend without leave until November 2025, Dkt. 32, and that Samsung filed its Amended Answer after Radian demanded one. Radian also wrongly argues that Samsung's counterclaims do not address any case or controversy because this entire case or controversy is over. It is not. Radian admits (Mot. 4) that "the parties have been unable to resolve their dispute," which is ongoing because Radian will not dismiss its claims with prejudice.

The Court should therefore deny Radian's motion, but if the Court disagrees, it should order Radian to pay Samsung the costs and fees that Radian forced Samsung to incur. Payment of costs and fees is the usual condition attached to discretionary dismissals without prejudice. Moreover, such a condition would be well warranted under 35 U.S.C. § 285, which permits fee awards in exceptional cases. This is such a case. Radian sought extraordinary relief in the form of a wholly baseless preliminary injunction while striving to challenge controlling precedents regarding the law of equity. Radian's arguments even attracted the attention of the United States government, which filed a statement of interest in the case. Radian then cancelled the depositions of Samsung's expert (twice) before finally withdrawing its preliminary-injunction motion five days before the hearing, portraying as revelatory the same core facts that it had known about since receiving Samsung's opposition brief, if not earlier.

Samsung respectfully requests that the Court deny Radian's motion or, in the alternative, condition any dismissal without prejudice on an award of costs and fees to Samsung.

## BACKGROUND

On December 24, 2024, Plaintiff Radian Memory Systems LLC ("Radian") filed this action alleging that Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") infringe seven patents related to cooperative flash management technology for solid-state drives. *See* Dkt. 1 ("Complaint"). Radian asserts U.S. Patent Nos. 11,544,183 (the "'183 Patent"); 11,709,772 (the "'772 Patent"); 11,681,614 (the "'614 Patent"); 11,740,801 (the "'801 Patent"); 11,347,657 (the "'657 Patent"); 11,347,656 (the "'656 Patent"); and 11,307,995 (the "'995 Patent") (collectively, the "Asserted Patents"). Complaint 1. Radian alleges that it "pioneered a new paradigm for flash-storage media" and that Samsung, as a member of the NVM Express ("NVMe") organization that developed the Zoned Namespaces ("ZNS") specification, incorporates Radian's technology into ZNS-enabled SSDs, specifically the PM1731a, PM1733, PM1735, PM9731a, and PB SSD models. *Id.* at ¶¶ 7, 320-327. Radian seeks damages for alleged past infringement and injunctive relief for alleged ongoing infringement. *Id.* at 346. Samsung filed its Answer on April 7, 2025, denying the allegations. Dkt. 26.

Radian moved for a preliminary injunction on two of the Asserted Patents. Dkts. 38-39, 43. Samsung opposed, supported by the sworn testimony of Mr. Junseok Park, Samsung's Principal Engineer. Dkt. 46. Mr. Park confirmed that Samsung had not sold products implementing ZNS specification for over two years, that past sales amounted to ▮▮▮▮▮▮, that Samsung had no customer requests for such products, and that Samsung had no plans to offer such products. Dkt. 46-20 (Declaration of Junseok Park ("Park Decl.")) ¶¶ 5-12. Before briefing concluded, Samsung provided discovery responses that separately confirmed that Samsung has no plans to sell ZNS products. Declaration of Kevin Hardy ("Hardy Decl.") Ex. A (Samsung's June

3

2, 2025 Interrogatory Response). Samsung also provided factual and expert testimony showing that Samsung's alleged ZNS products do not infringe the asserted claims. Park Decl. ¶¶ 14-49; Dkt. 46-21 (Declaration of Dr. Steven Swanson) ¶¶ 21-56.

Samsung explained that Radian's motion was meritless for numerous reasons. Dkts. 46, 49. Radian lacked any evidence of the future injury needed to support standing for injunctive relief. Radian also could not show irreparable harm because it alleged harms that predated the patents, were not inflicted by Samsung, and were suffered by a different entity. Rather than seek to prevail under existing law, Radian's motion sought to change the law. The centerpiece of Radian's motion was a theory of equitable relief that conflicted with controlling precedent.

Due in part to its extraordinary legal premises, Radian's motion attracted the attention of the United States, and from there the attention of the media.[1] The United States filed a statement of interest explaining the administration's position on the legal standards that should govern preliminary injunctions in the patent context. Dkt. 52. The parties submitted responses, Dkts. 57-58, and the Court established a structure for the preliminary-injunction hearing, including for the presentation of evidence. Dkt. 53, 61.

Just days before the hearing, Radian withdrew its motion, citing the deposition testimony of Mr. Park. Dkt. 62. Accepting that withdrawal, the Court noted "Radian's newfound belief that preliminary injunctive relief is no longer warranted or needed," purportedly due to "several affirmative representations made to it by Samsung which Radian now believes obviate the imminent risk that would support a preliminary injunction." Dkt. 64. In fact, the deposition testimony that Radian cited was essentially duplicative of the evidence that Radian already had.

---

[1] *See, e.g.*, https://www.forbes.com/sites/aldenabbott/2025/06/27/strong-trump-support-for-patent-rights-could-promote-us-innovation/; https://news.bloomberglaw.com/ip-law/radian-pulls-patent-injunction-bid-in-high-profile-samsung-case.

Mr. Park certainly provided additional details and reasons for why Samsung has no plans to offer ZNS products. But he could not (nor could anyone) categorically "rule out future infringement" (Mot. 1-2), as Radian purports to have discovered.

After withdrawing its preliminary-injunction motion, Radian continued to take unreasonable positions. For example, Radian pressured Samsung to agree to an ESI order that markedly departed from the Court's model order. Radian sought provisions that would be unduly burdensome and particularly inapt for a case of this type. Hardy Decl. Ex. B. Yet Radian implied that Samsung was acting in bad faith by declining to open the door to bottomless, excessive discovery. *See id*. at 23-24 (suggesting that "Samsung intends to single out emails it finds helpful for its own claims while barring Radian from obtaining the context of those communications."); *id.* (seeking "every single email that our search terms hit on, for unbounded date ranges, regardless of volume."). Samsung eventually agreed to a pared-down version of Radian's proposal simply to avoid burdening the Court with any dispute. Dkt. 65.

Radian also insisted that Samsung's answer was fatally deficient and demanded that Samsung amend or prepare to face motion practice. *See* Hardy Decl. Ex. C. In response, Samsung proposed certain amendments to avoid burdening the Court with unnecessary disputes. *Id.* at Ex. D (stating that "Samsung will amend its answer where appropriate" to "promote judicial economy"). But Radian was not satisfied with Samsung's response and continued to needle Samsung with minutiae. *See id*. at Ex. E. Samsung ultimately filed an Amended Answer reflecting its proposed amendments. *See* Dkt. 67 (Amended Answer).

Samsung's Amended Answer includes counterclaims for non-infringement and invalidity, in alignment with the defensive strategy that underlies Samsung's pending IPR petitions. By August 11, 2025, Samsung had filed IPR petitions challenging each of the Asserted Patents, and

Radian has sought discretionary denial of those petitions. Hardy Decl. Exs. F-H (Radian's IPR Briefs). In its recent submissions to the PTAB, Radian relies on the instant motion to argue that a dismissal of this case should result in denial of institution. *See, e.g.*, Hardy Decl. Ex. F at 8-9.

## ARGUMENT

### I. RADIAN'S CLAIMS CANNOT BE DISMISSED WITHOUT PREJUDICE

Rule 41(a)(2) requires the denial of Radian's motion. Although Radian focuses on the first part of Rule 41(a)(2), which provides for discretionary dismissal, it wholly ignores the second part, which expressly precludes dismissal here. The Rule states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Each of these requirements to preclude dismissal is met here. Samsung "pleaded [its] counterclaim[s]" on September 8, 2025, before being served with Radian's motion to dismiss on September 11, 2025. Samsung objects to Radian's motion. And Radian concedes (Mot. 8) that Samsung's counterclaims cannot remain pending for independent adjudication because "[w]ith Radian's claims related to the Patents-in-Suit dismissed without prejudice . . . there would be no case or controversy over Samsung's related counterclaims." Accordingly, Radian's claims cannot be dismissed.[2] *See, e.g.*, *Verna IP Holdings, LLC v. Alert Media, Inc.*, 2023 WL 11983711, at *1 (W.D. Tex. Feb. 8, 2023) (denying dismissal without prejudice because Alert Media's "non-infringement counterclaims are directly connected to Verna's claims of infringement" and "Alert Media pleaded its counterclaims before Verna served its motion to dismiss"); *Chung v. Vaporous Techs., LLC,* 2018 WL 2754506, at *3 (C.D. Cal. June

---

[2] Samsung agrees (*see* Mot. 7 n.1) that Radian should be allowed to choose between pursuing its claims or dismissing them with prejudice.

6

4, 2018) (denying dismissal *with prejudice* because the defendant had already filed declaratory-judgment counterclaims).

Even if the second part of Rule 41(a)(2) were ignored and the discretionary standard for dismissal were applied, a dismissal without prejudice would clearly prejudice Samsung. Samsung has pending IPR petitions against the Asserted Patents, which Radian claims should be denied if its motion to dismiss is granted. *See* Hardy Decl. Exs. F-H. But the statute of limitations for Samsung ability to seek IPR of the Asserted Patents is just one year from the date of service of Radian's original complaint (*i.e.*, one year from December 24, 2025). *See* 35 U.S.C. § 315(b). Accordingly, if the PTAB denies Samsung's IPR petitions because this case is dismissed, then Radian could run out the clock before suing Samsung again and thus strip Samsung of a standard defense in patent litigation. This is precisely the kind of prejudice that Radian's own authority recognizes as sufficient to preclude dismissal. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 319 (5th Cir. 2002) (loss of a statute-of-limitations defense).

Moreover, even if Samsung had not yet filed IPRs, the mere fact that Samsung would then be "confronted with the choice to 'use-it-or-lose-it'" would be prejudicial. *FaceTec, Inc. v. Jumio Corp.*, 2024 WL 4703142, at *2 (N.D. Cal. Nov. 1, 2024) (denying motion to dismiss without prejudice due to prejudice surrounding IPRs). If this case were dismissed without prejudice, Samsung "could either incur the expense of initiating IPR on claims it may never have to defend against or be barred from seeking IPR if [Radian] opts to refile its claims after the one-year mark passes." *Id.* And "where there are significant costs associated with pursuing the defense, and the choice to pursue such defense must be made before its necessity is established, the choice to use-it-or-lose-it amounts to no real choice at all." *Id.* Thus, "[b]eing forced to choose between

expending considerable resources or losing the defense of initiating IPR amounts to legal prejudice." *Id.*

Multiple lines of analysis thus converge on the same conclusion: The Court must deny Radian's motion to dismiss its claims without prejudice.

## II. SAMSUNG'S COUNTERCLAIMS CANNOT PROPERLY BE DISMISSED

Because Radian concedes (*see* Mot. 8) that Samsung's counterclaims are jurisdictionally linked to Radian's claims, Radian attempts to argue (*id.* at 8-10) that Samsung's counterclaims should be dismissed because there is no longer any case or controversy between the parties whatsoever. But Radian is incorrect.

Radian first argues that it eliminated any Article III controversy merely by telling Samsung that it "intend[ed]" to move to dismiss its claims without prejudice. Dkt. 68-6 at 4. But Radian cites no authority for the remarkable proposition that merely stating one's intention to dismiss without prejudice negates Article III jurisdiction. To the contrary, Radian expressly admits (Mot. 4) that "the parties have been unable to resolve their dispute." The necessary implication is that the parties' dispute continues to exist. Indeed, Radian's refusal to dismiss its claims with prejudice or else enter into appropriate releases and covenants with Samsung confirms that this controversy remains ongoing. *Cf. Koki Holdings Am. Ltd. v. Int'l Trade Comm'n*, 2022-2006, 2024 WL 3964284, at *3 (Fed. Cir. Aug. 28, 2024) (explaining that a covenant not to sue can "render[] moot any controversy between the parties."). Now that Samsung has filed counterclaims jurisdictionally linked to Radian's claims, Radian cannot postpone resolution of the parties' dispute. *See* Fed. R. Civ. P. 41(a)(2).

Radian's authorities are readily distinct. In *Benitec Australia, Ltd. v. Nucleonics, Inc.*, the court held that there could be no infringement "until after Nucleonics file[d] a new drug application," and "Nucleonics [did] not even anticipate filing an NDA" for several years. 495 F.3d

8

1340, 1346 (Fed. Cir. 2007). Thus, the entire controversy was in the distant future, unlike the controversy here. The remainder of Radian's cases arose out of different procedural postures and do not address whether the plaintiff could lawfully abandon its claims without prejudice. None address dismissals governed by Rule 41(a)(2), which precludes Radian from abandoning its claims without prejudice over Samsung's objection here. *See Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1283-4 (Fed. Cir. 2012) (affirming, on summary judgment, the absence of jurisdiction over declaratory-judgment claims that swept beyond patent claims identified in infringement contentions); *Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 1426451, at *1 (E.D. Tex. Mar. 1, 2016) (claim abandoned without analysis after claim construction); *VirnetX Inc. v. Cisco Sys., Inc.*, 2014 WL 12605380, at *5 (E.D. Tex. Mar. 28, 2014) (claims and counterclaims mutually abandoned after trial).

Radian also argues that there is no Article III controversy in light of the same facts that led Radian to withdraw its motion for a preliminary injunction. But this argument is fallacious. Radian conflates its lack of standing to seek injunctive relief with the absence of Article III jurisdiction. Article III jurisdiction does not spring solely from imminent future harm. *E.g.*, *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 720 (2007) (Plaintiff "sought damages in her complaint, which is sufficient to preserve our ability to consider the question."). Even if Radian could never seek forward-looking injunctive relief, its claims for past damages independently maintain a controversy. *See* Dkt. 1 (Complaint ¶¶ 832-33, 923-24, 1015-16, 1118-19, 1212-13, 1301-02, 1397-98). Because Samsung's counterclaims address the full scope of the parties' dispute, *see* Dkt. 67 (Amended Answer at 163-79), Article III jurisdiction remains.

### III.  SAMSUNG IS ENTITLED TO ITS COSTS AND FEES IF RADIAN'S CLAIMS ARE DISMISSED WITHOUT PREJUDICE

If the Court concludes that it should dismiss the case without prejudice on terms it deems proper, it should require Radian to reimburse Samsung for the costs and fees that Radian forced Samsung to incur.  "Most often" for dismissals without prejudice, "the courts require plaintiffs to bear the attorneys' fees and costs of the dismissed defendant."  *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990); *see, e.g.*, *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 250 (5th Cir. 2006) (upholding fee award under Rule 41(a)(2)); *McCauley v. Kroger Co.*, 2020 WL 2065634, at *3 (N.D. Tex. Apr. 29, 2020) (conditioning dismissal without prejudice on fee award); *see also* 9 C. Wright & A. Miller, Federal Practice & Procedure § 2366 (4th ed., May 2025 update) ("[U]sually the district judge at least will require that the plaintiff pay some or all of the defendant' litigation costs.").

There is no reason to depart from that typical practice here, and indeed, this case would be particularly suited to an award of costs and fees.  Radian could have moved to dismiss as early as May 2025, when Samsung demonstrated, with sworn evidence, that it had ceased all ZNS-related sales and had no plans to resume them.  Radian nevertheless embarked on four additional months of unnecessary litigation, over the course of which Radian pursued unreasonable discovery terms and insisted on unnecessary tweaks to Samsung's pleadings.  Under these circumstances, requiring Radian to pay Samsung its costs and fees only makes sense.

Even apart from the above straightforward basis for awarding costs and fees, "[t]he Court in exceptional cases may award reasonable attorney fees to the prevailing party," 35 U.S.C. § 285, and this would be one such case.  "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."

10

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.*

This case is exceptional in both respects.  Radian sought extraordinary injunctive relief without any of the necessary factual predicates, based on a legal theory jarringly inconsistent with controlling precedent.  It thereby drew the attention of the federal government (which rejected Radian's theory) and the likes of Forbes magazine.  Radian then belatedly withdrew its motion after acquiring deposition testimony that merely restated the same essential facts already in its possession through sworn declarations and binding discovery responses.  And now Radian seeks to walk away from the dispute it created with no strings attached.  In these circumstances, the Court would be well within its discretion to deem this case exceptional and award attorneys' fees to Samsung.

## CONCLUSION

Samsung respectfully requests that the Court deny Radian's motion or, in the alternative, condition any dismissal without prejudice on an award of costs and fees to Samsung.

Dated: September 25, 2025     By:   /s/ Kevin Hardy

        Melissa R. Smith
        Texas State Bar No. 24001351
        melissa@gillamsmithlaw.com
        **GILLAM & SMITH, LLP**
        303 South Washington Avenue
        Marshall, Texas 75670
        Phone: (903) 934-8450
        Fax: (903) 934-9257

        Sean Pak
        California Bar No. 219032 (admitted *pro hac vice*)

seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Kevin Hardy
D.C. Bar No. 473941 (admitted in E.D. Tex.)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100

Lance Yang
California Bar No. 260705 (admitted in E.D. Tex.)
lanceyang@quinnemanuel.com
Arian Koochesfahani
California Bar No. 344642 (admitted *pro hac vice*)
ariankoochesfahani@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 25, 2025, all counsel of record who have appeared in this action are being served with a copy of the foregoing via the Court's CM/ECF system and via electronic mail on the date this document is filed.

Dated: September 25, 2025        */s/ Melissa R. Smith*
                                 Melissa R. Smith