**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| RADIAN MEMORY SYSTEMS LLC, | ) | |
| | ) | |
| *Radian*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 2:24-cv-1073 |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| AND SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## SAMSUNG'S SUR-REPLY REGARDING RADIAN'S MOTION TO DISMISS

Radian's reply confirms that the Court should deny Radian's motion to dismiss.

*First*, Radian says nothing about Samsung's argument that the plain text of Rule 41(a)(2) precludes dismissal. Radian has thus waived any response. To be clear, none of Radian's authorities address Rule 41's restrictions relating to counterclaims, nor do any address whether claims abandoned by a plaintiff before trial should be treated as dismissed with or without prejudice. Were Radian seeking a dismissal with prejudice, things would be different. Such a dismissal would moot Samsung's counterclaims by providing Samsung full relief. *See TQP Dev., LLC v. Branch Banking & Tr. Co.*, 2014 WL 4749073, at *2 (E.D. Tex. Sept. 22, 2014). But the same is not true of dismissals *without* prejudice, which Rule 41 does not allow Radian to receive at this stage unless Samsung consents.[1] *See* Fed. R. Civ. P. 41(a)(2).

---

[1] Radian attempts (Reply 3 n.2) to deflect its admission of an "unresolved dispute" by distinguishing between "settlement-related issues" and a "live dispute over infringement claims." But this is a distinction without a difference.

*Second*, Radian fails to refute the prejudice to Samsung.  Radian says nothing about its argument to the PTAB that a dismissal of this action would justify a denial of Samsung's IPR petitions.  This argument would enable Radian to use the instant motion to circumvent Samsung's IPR rights by waiting to sue Samsung until the statute of limitations expires in just one year.  This is not a mere tactical advantage; it is the removal of a legal right.  *Avigilon USA Corp. v. Canon Inc.*, 2018 WL 3934032, at *2 (N.D. Tex. Aug. 16, 2018), differs categorically because it does not address the statute of limitations; Avigilon was "never absolutely barred from filing a petition for IPR."  Contrary to Radian's position, the fact that Samsung could still raise invalidity as an affirmative defense in court is irrelevant.  The right to petition for IPR is a distinct right provided by Congress and qualifies as at least "some legal interest."  Dkt. 68 at 5 (internal citation omitted).

*Third*, Radian misses the point regarding costs and fees.  This lawsuit should never have happened.  Radian sued under completely mistaken factual premises, effectively "us[ing] the court" for "completing discovery."  *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 128 n.6 (5th Cir. 1978).  Had Radian done something as simple as send Samsung a letter, Samsung's "fees would have been avoided entirely."  *McCauley v. Kroger Co.*, 2020 WL 2065634, at *3 (N.D. Tex. Apr. 29, 2020).  Accordingly, if this case is dismissed without prejudice, it is only fair that Radian reimburse Samsung for the expenses that Radian needlessly imposed.[2]

Dated: October 8, 2025          By:          /s/  Lance Yang

                                             Melissa R. Smith
                                             Texas State Bar No. 24001351

---

[2]  Radian wrongly accuses Samsung of attempting to "coerce" Radian into accepting "unreasonable demands" (Reply 1).  Samsung has at all times acted reasonably and in good faith in this litigation.  Samsung's counterclaims and opposition to a dismissal without prejudice are intended to resolve with finality the dispute that Radian chose to create, and Radian's subjective beliefs regarding what is reasonable are irrelevant to the instant motion in any event.

melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Sean Pak
California Bar No. 219032 (admitted *pro hac vice*)
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Kevin Hardy
D.C. Bar No. 473941 (admitted in E.D. Tex.)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Lance Yang
California Bar No. 260705 (admitted in E.D. Tex.)
lanceyang@quinnemanuel.com
Arian Koochesfahani
California Bar No. 344642 (admitted *pro hac vice*)
ariankoochesfahani@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendants Samsung Electronics Co.,
Ltd. and Samsung Electronics America, Inc.*

3

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify

that, on October 8, 2025, all counsel of record who have appeared in this action are being served

with a copy of the foregoing via the Court's CM/ECF system and via electronic mail on the date

this document is filed.

Dated:  October 8, 2025              */s/ Melissa R. Smith*
                                     Melissa R. Smith