**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC, | |
| *Plaintiff,* | Case No. 2:24-cv-01073-JRG |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants.* | |

**<u>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

I.     Introduction and Background ................................................................................. 1

II.    There Is No Jurisdiction Over Samsung's Counterclaims ..................................... 2

III.   Dismissal Without Prejudice Does Not Strip Samsung of an Available Defense .................... 3

IV.    Samsung Has Shown No Prejudice to Justify Fee-Shifting or Imposition of Costs ............... 4

V.     Conclusion ............................................................................................................ 5

## TABLE OF AUTHORITIES

**Cases**

*Avigilon USA Corp. v. Canon Inc.*
No. 3:18-CV-1317, 2018 WL 3934032 (N.D. Tex. Aug. 16, 2018)................................................ 3

*Blue Spike, LLC v. Audible Magic Corp.*
No. 6:15-cv-584, Dkt. 105 (E.D. Tex. May 16, 2016)..................................................................... 3

*DSI Ventures, Inc. v. Sundin*
No. 6:17-CV-498, 2019 WL 1506016 (E.D. Tex. Apr. 5, 2019)....................................................... 4

*Durham v. Fla. E. Coast Ry. Co.*
385 F.2d 366 (5th Cir. 1967)............................................................................................................ 4

*Elbaor v. Tripath Imaging, Inc.*
279 F.3d 314 (5th Cir. 2002)........................................................................................................ 2, 4

*FaceTec, Inc. v. Jumio Corporation*
2024 WL 4703142 (N.D. Cal. 2024)................................................................................................ 3

*Giesecke & Devrient GmbH v. United States, Gemalto Inc.*
No. 2022-2002, 2024 WL 3171658 (Fed. Cir. June 26, 2024) ......................................................... 5

*Harris v. Devon Energy Prod. Co., L.P.*
No. 4:10-CV-708, 2011 WL 7092649 (E.D. Tex. Dec. 29, 2011), *report and
recommendation adopted*, 2012 WL 220212 (Jan. 25, 2012), *aff'd as modified*
500 F. App'x 267 (5th Cir. 2012) .................................................................................................... 4

*Hereford v. Carlton*
No. 9:15-CV-26, 2016 WL 7042230 (E.D. Tex. Mar. 16, 2016) ................................................... 5

*Ikospentakis v. Thalassic S.S. Agency*
915 F.2d 176 (5th Cir. 1990)............................................................................................................ 3

*Metaswitch Networks Ltd. v. Genband US LLC*
No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451 (E.D. Tex. Mar. 1, 2016), *report and
recommendation adopted* 2016 WL 1404214 (Apr. 11, 2016) ...................................................... 2

*Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*
904 F.2d 298 (5th Cir. 1990)............................................................................................................ 4

*Realtime Data LLC v. Echostar Corp.*
No. 6:17-CV-00084-JDL, 2018 WL 6267332 (E.D. Tex. Nov. 29, 2018) ...................................... 3

*Uniloc USA, Inc. v. Acronis, Inc.*
No. 6:15-CV-1001, 2019 WL 498341 (E.D. Tex. Feb. 8, 2019), *objections overruled*
2020 WL 4726288 (June 19, 2020), *aff'd*, 854 F. App'x 377 (Fed. Cir. 2021) ............................ 5

**Statutes**

35 U.S.C. § 285 ........................................................................................................................ 5

**Rules**

Fed. R. Civ. P. 41(a) ................................................................................................................ 4

█████████████████████████████████████

**I.  Introduction and Background.** ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

████████ Dkt. 68, Ex. 4. To be clear, prior to ████████████████, Samsung had simply not made

that level of disclosure. *Compare* Dkt. 46-20 *with* Mot. at 2–4. Samsung's initial representations

were not even enough to let Radian withdraw its preliminary injunction motion (let alone dismiss

the case),[1] especially considering public statements suggesting the opposite. Mot. at Ex. 3 at 4.

After the deposition, Radian promptly withdrew its injunction motion and then further

sought to resolve the matter entirely by asking whether Samsung would oppose a motion to dismiss

without prejudice. ████████████████████████████████████████

█████████████████████████████████████ Radian requested a conference on its

motion under the Local Rules. Dkt. 68, Ex. 5 at 3-4. Knowing Radian was seeking to confer on a

motion to dismiss, Samsung raced to the courthouse to file an amended answer to add brand-new

counterclaims that it now claims prevent dismissal without prejudice. Dkt. 67, 70. To be sure, these

belated counterclaims—seeking typical declarations of non-infringement and invalidity—mirror

Samsung's already-asserted corresponding affirmative defenses. Perhaps Samsung hoped the

perceived complications from the counterclaims would coerce Radian to dismiss with prejudice or

give into unreasonable demands. In any event, Samsung's legal theories are wrong.

---

[1] Samsung argues that Radian's injunction motion was "based on a legal theory jarringly inconsistent with controlling precedent." Resp. at 11. Rather, the motion was well-founded in law and fact, drew federal government *support*, and garnered independent media attention. *See* Dkts. 43, 52; Exs. A and B (articles from Professor Crouch on Radian's motion and the government's brief and noting that Radian's argument was viable and could reshape patent law). Moreover, even if Federal Circuit precedent is interpreted against Radian, error preservation required Radian to challenge such precedent at the district court level to preserve it for appeal.

███████████████████████████

Fifth Circuit law requires dismissal without prejudice in this case. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) ("[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."). Samsung has identified no plain legal prejudice to justify departure from the general rule. Samsung's complaints about the IPR time bar are inapposite. Samsung has already filed IPR petitions, meaning there is no risk of the time bar applying. Moreover, Samsung could still challenge validity in a future district court case.

And just as a court loses jurisdiction over related counterclaims when a plaintiff narrows its case before trial, Radian's notice of intent to dismiss likewise eliminated jurisdiction over Samsung's counterclaims. *See Metaswitch Networks Ltd. v. Genband US LLC,* No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451, at *1–2 (E.D. Tex. Mar. 1, 2016), *report and recommendation adopted* 2016 WL 1404214 (Apr. 11, 2016) (finding no declaratory judgement jurisdiction where plaintiff "no longer threatens or maintains its infringement suit over" the patent).

Samsung has also not shown any legal prejudice warranting the imposition of curative conditions. This case classically exemplifies circumstances where the Court should unconditionally grant Radian's Motion to Dismiss without prejudice, preserving Radian's property rights while ending a case without an ongoing controversy.

**II. There Is No Jurisdiction Over Samsung's Counterclaims.** Samsung's filing of its counterclaims is a flawed attempt to manufacture a controversy to try to pressure Radian into submitting to a with-prejudice dismissal or unreasonable settlement conditions. By the time Samsung filed its counterclaims, however, Radian had already told Samsung that it was moving to dismiss the case. Once Radian informed Samsung of this election—much like a plaintiff does when narrowing its contentions by dropping claims or patents prior to trial—jurisdiction over any related counterclaims was extinguished. *See Realtime Data LLC v. Echostar Corp.*, No. 6:17-CV-00084-

JDL, 2018 WL 6267332, at *3 (E.D. Tex. Nov. 29, 2018) (holding court lacked jurisdiction over counterclaims once plaintiff narrowed asserted claims).[2]

**III. Dismissal Without Prejudice Does Not Strip Samsung of an Available Defense.**

Samsung's concerns regarding its pending *inter partes* review ("IPR") proceedings are not "plain legal prejudice" which requires being "***stripped*** of an otherwise available defense." *Blue Spike, LLC v. Audible Magic Corp*., No. 6:15-cv-584, Dkt. 105 at 4–5 (E.D. Tex. May 16, 2016) (emphasis added). Dismissal without prejudice does not strip Samsung of an invalidity defense.

Samsung's reliance on *FaceTec, Inc. v. Jumio Corporation*, 2024 WL 4703142 (N.D. Cal. 2024) is misplaced. The court in *FaceTec* did not grant a motion to dismiss without prejudice, reasoning that the defendant was faced with a "use-it-or-lose-it" choice in bringing IPRs within the one-year time requirement. *See id.* at *2. Importantly, however, the defendant in *FaceTec* had not yet initiated IPR proceedings. In contrast, here, Samsung initiated IPR proceedings and does not face the type of choice described in *FaceTec*. Moreover, this "use-it-or-lose-it" choice regarding an IPR proceeding cannot justify denying a dismissal without prejudice under Fifth Circuit law because it does not "strip" Samsung of an otherwise available defense. *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177–78 (5th Cir. 1990) (finding prejudice where "the defendant would be stripped of an ***absolute*** defense to the suit") (emphasis added); *cf. also Avigilon USA Corp. v. Canon Inc.,* No. 3:18-CV-1317, 2018 WL 3934032, at *2 (N.D. Tex. Aug. 16, 2018) (contrasting another IPR statutory bar with the loss of a limitations defense, the latter of which does strip a legal right because it is an "absolute bar" to suit). Unlike losing a limitations defense, Samsung could still challenge the Asserted Patents' validity in a future case even after dismissal without prejudice.

Samsung's view of *FaceTec* also contradicts prevailing Fifth Circuit precedent that freely

---

[2] Samsung's claim that Radian "admits" the parties have an unresolved dispute is misleading. The disagreement concerned settlement-related issues, not a live dispute over infringement claims.

allows voluntary dismissals without prejudice. *See, e.g.*, *Elbaor*, 279 F.3d at 317 (recognizing Fifth Circuit policy to "freely" allow voluntary dismissals without prejudice); *see also Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 369 (5th Cir. 1967) (same). Nor is it plain legal prejudice Samsung's IPRs might be denied institution if this case is dismissed without prejudice. Such a denial would not strip Samsung of its ability to raise an invalidity defense against the Asserted Patents in a future district court case. At most, Samsung faces the same risk of future litigation that the Fifth Circuit has held is insufficient to block dismissal without prejudice. *See Durham,* 385 F.2d at 369 (finding "the mere prospect of a second law suit" cannot block dismissal without prejudice).

**IV. Samsung Has Shown No Prejudice to Justify Fee-Shifting or Imposition of Costs.**

Samsung wrongly claims fees and costs are the default under Rule 41(a). Samsung cites to *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990), to suggest that this is common practice. But in that case, the Fifth Circuit merely notes that *when* a court decides to impose conditions upon a voluntary dismissal at all, *those* conditions are often costs or fees.[3] But courts do not routinely impose conditions in the first place unless the defendant makes a strong showing of plain legal prejudice. *See, e.g.*, *DSI Ventures, Inc. v. Sundin*, No. 6:17-CV-498, 2019 WL 1506016, at *2 (E.D. Tex. Apr. 5, 2019) (unconditionally dismissing without prejudice where, despite case age and amended pleadings, no merits rulings were imminent and plaintiff had not excessively delayed); *Harris v. Devon Energy Prod. Co., L.P.*, No. 4:10-CV-708, 2011 WL 7092649, at *2 (E.D. Tex. Dec. 29, 2011), *report and recommendation adopted*, 2012 WL 220212 (Jan. 25, 2012), *aff'd as modified*, 500 F. App'x 267 (5th Cir. 2012) (unconditionally dismissing without prejudice where new data showed contamination forming basis of suit was no longer toxic

---

[3] *Mortgage Guardian* is also substantively distinguishable with respect to critical facts underlying the court's reasoning. There, the court opted to impose conditions because the plaintiff sought to dismiss its claims on the eve of trial after the primary defendants settled. *Id.* at 299.

for human consumption); *Hereford v. Carlton*, No. 9:15-CV-26, 2016 WL 7042230, at *7 (E.D. Tex. Mar. 16, 2016) (no plain legal prejudice in view of valid explanation for voluntary dismissal).

Radian has a valid basis for dismissal. It filed its Complaint and preliminary injunction on publicly available evidence of infringement, including Samsung's own press releases, product announcements, and product data sheets. *See* Dkts. 1; 43. After Dr. Park's declaration provided new confidential information, Radian acted promptly in withdrawing its injunction motion (Dkt. 62), attempting to resolve the case (Virmani Decl. at ¶¶ 2-4), moving to dismiss (Dkt. 68), and proposing to extend claim-construction deadlines in the interim (Dkt. 72).[4] That is the opposite of undue delay or gamesmanship. Samsung, on the other hand, opposed the proposal to extend the claim construction deadlines, threatened retaliatory measures, and filed new counterclaims to try to prevent dismissal. Samsung cannot escalate costs and then claim prejudice from those same costs.

Similarly, there is no basis for fees under 35 U.S.C. § 285. Samsung is not a prevailing party under either of its requests for relief. *See Giesecke & Devrient GmbH v. United States, Gemalto Inc.*, No. 2022-2002, 2024 WL 3171658, at *3 (Fed. Cir. June 26, 2024) (finding a party cannot be a "prevailing party" under section 285 when claims are dismissed without prejudice or there is no "material alteration of the legal relationship of the parties"). And, Radian neither pursued a frivolous action nor engaged in bad faith. *Uniloc USA, Inc. v. Acronis, Inc.*, No. 6:15-CV-1001, 2019 WL 498341, at *4 (E.D. Tex. Feb. 8, 2019), *objections overruled*, 2020 WL 4726288 (June 19, 2020), *aff'd*, 854 F. App'x 377 (Fed. Cir. 2021) (denying defendant's request for fees for failure to meet high burden of showing suit was frivolous or brought in bad faith).

**V. Conclusion.**  Radian respectfully requests the Court grant its Motion to Dismiss and dismiss this case without prejudice and without imposing curative conditions, such as costs or fees.

---

[4] Radian rejects Samsung's notion that it has been needlessly aggressive. Radian has litigated responsibly, coming to multiple agreements on deadlines (*see, e.g.*, Dkts. 13, 17, 19, 40).

████████████████████████

DATED: October 2, 2025

Respectfully submitted,

*/s/ Hamad M. Hamad*

Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
acurry@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
Andrew T. Langford
Texas State Bar No. 24087886
Email: alangford@caldwellcc.com
Adrienne R. Dellinger
Texas Bar No. 24116275
Email: adellinger@caldwellcc.com
Alexander J. Gras
Texas Bar No. 24125252
Email: agras@caldwellcc.com
**CALDWELL CASSADY & CURRY P.C.**
2121 N Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848

Andrea L. Fair
Texas Bar No. 24078488
Email: andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Radian Memory Systems LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email.

*/s/ Hamad M. Hamad*
Hamad M. Hamad

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order submitted in this case.

*/s/Hamad M. Hamad*
Hamad M. Hamad