*Exhibit B*

America's leading patent law source

# U.S. Government: NPEs Deserve Injunctive Relief when their Patents Are Infringed

June 25, 2025   paid   Dennis Crouch

by Dennis Crouch

I learned of this significant development from **Michael Shapiro's Bloomberg article** reporting that the U.S. government took the unusual step of filing a statement of interest in a district court patent case, urging consideration of preliminary injunctive relief for a non-practicing entity (NPE). *Radian Memory Systems LLC v. Samsung Electronics Co.*, No. 2:24-cv-1073 (E.D. Tex. 2025). The June 24, 2025 filing represents a notable intervention by both the Department of Justice Antitrust Division and the U.S. Patent and Trademark Office in what is part of its "**America First Antitrust Enforcement**" efforts.

Read the documents:

- Radian v. Samsung – PI US Brief
- Radian v. Samsung – PI Motion
- Radian v. Samsung – PI Opposition
- Radian v. Samsung – PI Reply
- Radian v. Samsung – PI Proposed Order

**The Underlying Infringement Action:** The case, pending before Judge Rodney Gilstrap, involves patents covering "Symphonic Cooperative Flash Management" technology for solid-state drives. Radian Memory Systems, a non-practicing entity, alleges that Samsung adopted its patented technology through the NVM Express (NVMe) consortium's Zoned Namespace Command Specification (ZNS) standard. According to Radian, after it refused to join NVMe and grant royalty-free licenses to consortium members, Samsung and others proceeded to implement Radian's innovations anyway. The asserted patents include U.S. Patent Nos. 11,544,183 and 11,347,656.

Notably, Radian's preliminary injunction motion makes extensive arguments grounded in 18th century English Court of Chancery precedent, arguing that traditional principles of equity provide that ongoing violations is sufficient to render damages inadequate as a matter of law. This represents an aggressive attempt to reframe modern preliminary injunction analysis by returning to founding-era equity principles.  But, Radian's counsel Austin Curry recently virtually identical arguments to the Federal Circuit in *VidStream LLC v. Twitter, Inc.*. In November 2024, Judges Reyna, Linn, and Stoll issued a per curiam summary affirmance, finding that VidStream's argument "clearly runs afoul of the Supreme Court's decision in *eBay*" and its prior precedent in *Robert Bosch*.

The USPTO/DOJ intervention now suggests federal policy makers are looking to change that approach. Note that Judge Gilstrap in *Radian* will not be bound by *VidStream* because it was issued as a nonprecedential order.

**The Government's Strategic Intervention**

The government's statement of interest, signed by Acting USPTO General Counsel Nicholas Matich and DOJ Antitrust Division attorneys, makes both legal and policy arguments. They also academic work by patent law professors Adam Mossoff and Kristen Jakobsen Osenga about the problem of "efficient infringement"– the practice of calculating that the potential liability from infringement is likely less than the expected profit.

The government frames its intervention through an antitrust lens, expressing concern about standards development organizations (SDOs) controlled by "large implementers with market power." The filing notes that such organizations "often have economic incentives to restrain competition" and can exercise "monopsony power" when large purchasers work together. The government contends that limiting preliminary injunctions for NPEs undermines the Patent Act's innovation incentives, particularly for what it terms "Little Tech"—small businesses and individual inventors.

**The Government's Core Legal Arguments**

The government's brief advances three primary legal contentions that collectively challenge the Federal Circuit's restrictive approach to NPE injunctions post-*eBay*.

The first relates to an issue I have repeatedly written about — the fallibility of damage calculations. The government argues that courts should treat patents like other unique assets where valuation difficulties support irreparable harm findings. The government contends that each patent is an "inherently unique asset." This uniqueness creates valuation difficulties comparable to those recognized in other areas of property law. The brief emphasizes that patent infringement "deprives the patent holder of the ability to control to whom it licenses its products and the terms of that licensing," creating losses that extend beyond simple monetary calculations.

The brief extensively documents the Federal Circuit's own recognition that patent damages calculations can be "very difficult and expensive," citing the *Fromson* court's famous characterization of reasonable royalty analysis as involving "more the talents of a conjurer than those of a judge" or, "more succinctly, as a 'fantasy.'" *Fromson v. W. Litho Plate & Supply Co.*, 853 F.2d 1568 (Fed. Cir. 1988). Recognize also this week that an adjudged infringer was only asked to pay $1 in nominal damages because the patentee was unable to satisfy the strict demands of showing damages.  Underscoring this point, the government catalogs recent Federal Circuit reversals of damages awards, including *EcoFactor, Inc. v. Google LLC* (reversing $20 million award), *Apple Inc. v. Wi-LAN Inc.* (vacating $85 million verdict), and *California Institute of Technology v. Broadcom Ltd.* (vacating $1.1 billion verdict). This pattern of reversals, the government argues, "confirms the difficulty of calculating damages" and supports finding irreparable harm based on the inadequacy of monetary remedies.

Finally, the government brief argues that courts have improperly created a *de facto* categorical rule against NPEs. It is almost as if Justice Kennedy's *eBay* concurrence has become the law — where he suggested licensing-based business models as were ineligible for injunctive relief.  Of course, the *eBay* majority did not agree with that conclusion.

Whether Judge Gilstrap will be persuaded by these arguments remains to be seen, but the government's intervention signals a potential sea change in federal patent policy that will likely extend

well beyond this single case.

= = =

For its part, Samsung made a number of arguments opposing preliminary injunctive relief:

1. Samsung has not sold any products with ZNS functionality for over two years and the market is moving away from this technology, eliminating any likelihood of future injury.
2. Radian delayed three-years in suing – showing a lack of irreparable harm.
3. Any competition harms don't belong to the patent holder but rather the legacy Radian company, not the newly formed patent holding company
4. Radian's status as a non-practicing entity seeking to monetize its patents makes monetary damages adequate,

## About Dennis Crouch

Law Professor at the University of Missouri School of Law. View all posts by Dennis Crouch →

Show comments