IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RADIAN MEMORY SYSTEMS LLC, )<br>)<br>*Radian*, )<br>)<br>v. )<br>)<br>)<br>SAMSUNG ELECTRONICS CO., LTD., )<br>AND SAMSUNG ELECTRONICS )<br>AMERICA, INC. )<br>)<br>*Defendants*. )<br>) | Civil Action No. 2:24-cv-1073<br><br>JURY TRIAL DEMANDED |

### SAMSUNG'S OPPOSITION TO RADIAN'S MOTION
### TO AMEND DOCKET CONTROL ORDER

The Court should deny Radian's motion to amend the Docket Control Order, Dkt. 72 ("Mot."). The Docket Control Order itself provides that "[t]he following will not warrant a continuance nor justify a failure to comply with the discovery deadline: (a) The fact that there are motions for summary judgment *or motions to dismiss pending*[.]" Dkt. 32 at 6 (emphasis added). Radian's motion contradicts this plain language of the Court's Order.

Moreover, Radian fails to satisfy any of the four factors that could establish good cause, let alone show that they collectively weigh in favor of amending the Docket Control Order. Radian has no explanation for why it cannot meet any deadline. Radian also has no cogent reason for why changing the deadlines would be important. Radian claims (Mot. 2) that its motion would conserve "the Court and the parties' resources," but this is incorrect. The deadlines that Radian seeks to change do not implicate the Court's resources, and Samsung is fully prepared to meet them.

Radian's proposed schedule would also be prejudicial, not "minimal and non-disruptive" (Mot. 3). Radian preserves the current trial date and related deadlines only by compressing the

1

claim-construction process into an unworkably short period. For example, under Radian's proposed schedule (*see* Mot. 4), the parties would have just seven days after exchanging proposed constructions to submit their joint statement and exchange expert declarations. This period is three times shorter than that provided for in the current, default schedule, and it is not workable.

Finally, no continuance is available that could fairly cure the above problem. A fair continuance would have a domino effect on the rest of the schedule, pushing out the trial date. And the trial date, among other affected deadlines, cannot be moved absent an independent showing of good cause. *See* Dkt. 32 at 1, 6. Radian makes no attempt to make such a showing. Unlike in *Travelpass Group, LLC, Partner Fusion, Inc. v. Caesars Entertainment Corporation*, 2020 WL 10963947, at *4 (E.D. Tex. Nov. 9, 2020), where the court continued the trial date due to the "continued impact of the COVID-19 pandemic," Radian simply wishes to stay proceedings until its motion to dismiss is resolved. This is not good cause.

Samsung respectfully requests that the Court deny the motion.

Dated: October 15, 2025     By:     /s/ Kevin Hardy

    Melissa R. Smith
    Texas State Bar No. 24001351
    melissa@gillamsmithlaw.com
    **GILLAM & SMITH, LLP**
    303 South Washington Avenue
    Marshall, Texas 75670
    Phone: (903) 934-8450
    Fax: (903) 934-9257

    Sean Pak
    California Bar No. 219032 (admitted *pro hac vice*)
    seanpak@quinnemanuel.com
    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
    50 California Street, 22nd Floor
    San Francisco, CA 94111

Tel: (415) 875-6600
Fax: (415) 875-6700

Kevin Hardy
D.C. Bar No. 473941 (admitted in E.D. Tex.)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Lance Yang
California Bar No. 260705 (admitted in E.D. Tex.)
lanceyang@quinnemanuel.com
Arian Koochesfahani
California Bar No. 344642 (admitted *pro hac vice*)
ariankoochesfahani@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 15, 2025, all counsel of record who have appeared in this action are being served with a copy of the foregoing via the Court's CM/ECF system and via electronic mail on the date this document is filed.

Dated: October 15, 2025   /s/ *Melissa R. Smith*
Melissa R. Smith